**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| HALKUT MAHMOOD FARAJ, as Parent and | ) | |
| Special Administrator of the Estate of E.M., | ) | |
| a deceased minor, and LANA | ) | |
| AKRAM MOHAMMED, Individually and as | ) | |
| Parent for minors, S.M., A.M. | ) | |
| and A.M, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.: 1:20-cv-4488 |
| | ) | |
| MICHAEL ALLEN DUVICK; MIT | ) | |
| ILLINOIS INC.; and TRANSCORR, LLC d/b/a | ) | **PLANTIFFS DEMAND TRIAL** |
| VENTURE LOGISTICS a/k/a TRANSCORR | ) | **BY JURY OF TWELVE** |
| LOGISTICS, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT AT LAW**

NOW COME the Plaintiffs, HALKUT MAHMOOD FARAJ, as Parent and Special Administrator of the Estate of E.M., a deceased minor, and LANA AKRAM MOHAMMED, individually and as Parent for Minors, S.M., A.M. and A.M, (hereinafter referred to as "Collective Plaintiffs") by and through their attorneys, Whiting Law Group, Ltd., and as and for their Complaint at Law against the Defendants, MICHAEL ALLEN DUVICK, MIT ILLINOIS INC., and TRANSCORR, LLC d/b/a VENTURE LOGISTICS a/k/a TRANSCORR LOGISTICS, alleges as follows:

**COUNT I**
**Jurisdiction, Venue and Forum Allegations**

1.     Plaintiff, Halkut Mahmood Faraj (hereinafter "Halkut"), as Parent and Special Administrator of the Estate of E.M., a deceased minor, is and at all times relevant to this matter, a resident of Harrisonburg, Virginia.

2.     Plaintiff, Lana Akram Mohammed (hereinafter "Lana"), and Plaintiff's minor children, S.M., AM., and AM. (hereinafter "Collective Minors"), are and at all times relevant to this matter, residents of Harrisonburg, Virginia.

3.     Defendant, Michael Allen Duvick (hereinafter "Duvick"), is and at all times relevant to

1

this matter, a resident of Caneyville, Kentucky.

4.      Defendant, MIT Illinois Inc., (hereinafter "MIT Illinois"), is an Illinois corporation with its principal place of business in McHenry, Illinois.

5.      MIT Illinois' registered agent is James F. Barr, whose principal place of business is in Chicago, Illinois.

6.      Defendant, TransCorr, LLC, doing business as Venture Logistics a/k/a TransCorr Logistics (hereinafter "TransCorr"), is an Indiana limited liability company, with its principal place of business in Indianapolis, Indiana.

7.      TransCorr's registered agent is the Corporation Service Company, located in Springfield, Illinois.

8.      This action is properly before this Court due to the jurisdiction over the parties in that the Plaintiffs and the Defendants are citizens of different states.

9.      The damages suffered by the Plaintiffs far exceed $75,000.00, the jurisdictional minimum of this Court.

**COUNT II**
**General Allegations**

10.     On or about October 23, 2019, the Plaintiffs were traveling eastbound on Interstate 94 at approximately milepost 12.5 in St. Croix County, Township of Kinnickinnic, State of Wisconsin.

11.     At the aforesaid time and place, Plaintiffs were traveling in their motor vehicle in a reasonable and careful manner in their lane of traffic.

12.     At the aforesaid time and place, Defendant, Duvick, was a permissive user operating under the Defendant, MIT Illinois Inc., MC Number 8484 and U.S. Department of Transportation Number 2967825.

13.     At the aforesaid time and place, Defendant, Duvick, was a permissive user operating under the Defendant, TransCorr, MC Number 311135 and U.S. Department of Transportation Number 670782.

14.     At the aforesaid time and place, Defendant, Duvick, was working as a professional truck

driver within the course and scope of his duties as a permissive user for MIT Illinois Inc and/or TransCorr.

15.     At the aforesaid time and place, Defendant, Duvick, was driving a semi-tractor owned by MIT Illinois.

16.     At the aforesaid time and place, Defendants, MIT Illinois and/or TransCorr were aware, consented to and gave permission for Defendant, Duvick, to operate its semi-tractor.

**COUNT III**
**Negligence**
**Lana Akram Mohammed, Individually v. Michael Duvick**

17.     Plaintiff incorporates by reference Paragraphs 1-16 herein.

18.     At all times relevant hereto, it was the duty of Defendant, Duvick, to operate the semi-tractor he was driving for MIT Illinois, with ordinary care for the safety of others then and there upon said roadway, including to the Plaintiffs.

19.     In violation of the aforementioned duty, Defendant, Duvick, then and there carelessly did, or failed to do, one of more of the following acts:

    a.   Failed to operate the tractor and trailer at a speed which was reasonable and proper with regard to the conditions which would have prevented the tractor and trailer from colliding with the Plaintiffs' vehicle on said roadway;

    b.   Failed to choose a safe gap for changing lanes while operating a semi-truck and trailer, which was necessary to avoid colliding with the Plaintiffs' vehicle;

    c.   Failed to use the proper lookout to ensure a safe gap existed as was legally required to avoid colliding with the Plaintiffs' vehicle in compliance with the legal requirements and the duty of all persons operating vehicles on the roadway;

    d.   Failed to use a signal to indicate to other drivers on the roadway of Duvick's intention to make a lane change, as required by statute;

    e.   Failed to lean into his mirrors to ensure other drivers on the roadway were not in his blind-spot and/or "no-zone" as required by statute and federal regulations;

    f.   Failed to keep proper visual search at all times while operating a tractor and trailer on the roadway and see ahead for dangers when changing lanes and safely driving along and upon the roadway;

    g.   Failed to recognize potential hazards ahead and alongside his tractor and trailer to avoid colliding with the Plaintiffs' vehicle on the roadway; and

    h.   Was otherwise careless and/or negligent.

20.     That as a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, Duvick, the Plaintiff, Lana Akram Mohammed, individually, sustained severe and permanent injuries, both internally and externally, and was and will be hindered and prevented from attending to her usual duties and affairs, and has lost and will in the future lose the value of that time as aforementioned. Plaintiff also sustained great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, Lana Akram Mohammed, Individually, demands judgment against the Defendant, Michael Allen Duvick in an amount in excess of seventy-five thousand dollars ($75,000.00), the minimum jurisdictional amount of this Court, and for any and all other relief this Court deems proper.

### COUNT IV
### Negligence
### Lana Akram Mohammed, as Parent for Collective Minors v. Michael Duvick

21.     Plaintiff incorporates by reference Paragraphs 1-16 herein.

22.     At all times relevant hereto, it was the duty of Defendant, Duvick, to operate the semi-tractor he was driving for MIT Illinois Inc., with ordinary care for the safety of others then and there upon said roadway, including to the Plaintiffs.

23.     In violation of the aforementioned duty, Defendant, Duvick, then and there carelessly did, or failed to do, one of more of the following acts:

    a.   Failed to operate the tractor and trailer at a speed which was reasonable and proper with regard to the conditions which would have prevented the tractor and trailer from colliding with the Plaintiffs' vehicle on said roadway;

    b.   Failed to choose a safe gap for changing lanes while operating a semi-truck and trailer, which was necessary to avoid colliding with the Plaintiffs' vehicle;

    c.   Failed to use the proper lookout to ensure a safe gap existed as was legally required to avoid colliding with the Plaintiffs' vehicle in compliance with the legal requirements and the duty of all persons operating vehicles on the roadway;

    d.   Failed to use a signal to indicate to other drivers on the roadway of Duvick's

intention to make a lane change, as required by statute;

e. Failed to lean into his mirrors to ensure other drivers on the roadway were not in his blind-spot and/or "no-zone" as required by statute and federal regulations;

f. Failed to keep proper visual search at all times while operating a tractor and trailer on the roadway and see ahead for dangers when changing lanes and safely driving along and upon the roadway;

g. Failed to recognize potential hazards ahead and alongside his tractor and trailer to avoid colliding with the Plaintiffs' vehicle on the roadway; and

h. Was otherwise careless and/or negligent.

24. That as a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, Duvick, the Plaintiffs, Collective Minors, sustained severe and permanent injuries, both internally and externally, and were and will be hindered and prevented from attending to their usual duties and affairs, and have lost and will in the future lose the value of that time as aforementioned. Plaintiffs, Collective Minors, also sustained great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiffs, Collective Minors, further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, Lana Akram Mahmood, as Parent for Collective Minors, S.M., A.M. and A.M., demands judgment against the Defendant, Michael Allen Duvick in an amount in excess of seventy-five thousand dollars ($75,000.00), the minimum jurisdictional amount of this Court, and for any and all other relief this Court deems proper.

**COUNT V**
**Wrongful Death | Negligence**
**Halkut Mahmood Faraj, as Parent and Special Administrator of the Estate of E.M, a deceased Minor v. Michael Duvick**

25. Plaintiff incorporates by reference Paragraphs 1-16 herein.

26. At all times relevant hereto, and upon information and belief, it was the duty of Defendant, MIT Illinois, to operate the semi-tractor he was driving for Defendant, MIT Illinois Inc., with ordinary care for the safety of others then and there on the roadway, including to the Plaintiffs.

27.     At all times relevant hereto, it was also the duty of Defendant, Duvick, to operate a semi-tractor in such a condition so as not to cause a crash.

28.     In violation of the above duties, Defendant, Duvick, then and there carelessly and negligently did, or failed to do, one or more of the following acts:

    a.  Failed to operate the tractor and trailer at a speed which was reasonable and proper with regard to the conditions which would have prevented the tractor and trailer from colliding with the Plaintiffs' vehicle on said roadway;

    b.  Failed to choose a safe gap for changing lanes while operating a semi-truck and trailer, which was necessary to avoid colliding with the Plaintiffs' vehicle;

    c.  Failed to use the proper lookout to ensure a safe gap existed as was legally required to avoid colliding with the Plaintiffs' vehicle in compliance with the legal requirements and the duty of all persons operating vehicles on the roadway;

    d.  Failed to use a signal to indicate to other drivers on the roadway of Duvick's intention to make a lane change, as required by statute;

    e.  Failed to lean into his mirrors to ensure other drivers on the roadway were not in his blind-spot and/or "no-zone" as required by statute and federal regulations;

    f.  Failed to keep proper visual search at all times while operating a tractor and trailer on the roadway and see ahead for dangers when changing lanes and safely driving along and upon the roadway;

    g.  Failed to recognize potential hazards ahead and alongside his tractor and trailer to avoid colliding with the Plaintiffs' vehicle on the roadway; and

    h.  Was otherwise careless and/or negligent.

29.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, Duvick, the tractor and trailer did then and there collide with the vehicle in which the Plaintiffs were passengers.

30.     That as a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, Duvick, the minor-decedent, E.M., died on or about October 23, 2019, and the remaining Plaintiffs were seriously injured.

31.     That the minor-decedent, E.M., is survived by her father, Halkut Mahmood Faraj, mother, Lana Akram Mohammad, and siblings, Collective Minors, who have each sustained substantial pecuniary loss of love, society and companionship by reason of minor-decedent's death.

32.     That this action is brought pursuant to 740 ILCS 180/1 *et seq*., commonly known as the Illinois Wrongful Death Act.

WHEREFORE, the Plaintiffs demand judgment against the Defendant, Michael Allen Duvick in an amount in excess of seventy-five thousand dollars ($75,000.00), the minimum jurisdictional amount of this Court, and for any and all other relief this Court deems proper.

## COUNT VI
### Survival | Family Expense Act
### Halkut Mahmood Faraj, as Parent and Special Administrator of the Estate of E.M., a deceased Minor v. Michael Duvick

33.     Plaintiff incorporates by reference Paragraphs 1-16 herein.

34.     At all times relevant hereto, it was the duty of Defendant, Duvick, to operate the semi-tractor he was driving for Defendant, MIT Illinois Inc., with ordinary care for the safety of others then and there on the roadway, including to the Plaintiffs.

35.     At all times relevant hereto, it was also the duty of Defendant, Duvick, to operate a semi-tractor in such a condition so as not to cause a crash.

36.     In violation of the above duties, Defendant, Duvick, then and there carelessly and negligently did, or failed to do, one or more of the following acts:

a. Failed to operate the tractor and trailer at a speed which was reasonable and proper with regard to the conditions which would have prevented the tractor and trailer from colliding with the Plaintiffs' vehicle on said roadway;

b. Failed to choose a safe gap for changing lanes while operating a semi-truck and trailer, which was necessary to avoid colliding with the Plaintiffs' vehicle;

c. Failed to use the proper lookout to ensure a safe gap existed as was legally required to avoid colliding with the Plaintiffs' vehicle in compliance with the legal requirements and the duty of all persons operating vehicles on the roadway;

d. Failed to use a signal to indicate to other drivers on the roadway of Duvick's intention to make a lane change, as required by statute;

e. Failed to lean into his mirrors to ensure other drivers on the roadway were not in his blind-spot and/or "no-zone" as required by statute and federal regulations;

f. Failed to keep proper visual search at all times while operating a tractor and trailer on the roadway and see ahead for dangers when changing lanes and safely driving along and upon the roadway;

g. Failed to recognize potential hazards ahead and alongside his tractor and trailer to avoid colliding with the Plaintiffs' vehicle on the roadway; and

h. Was otherwise careless and/or negligent.

37.    That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, Duvick, the tractor and trailer did then and there collide with the vehicle in which the Plaintiffs were passengers.

38.    That as a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, Duvick, the minor-decedent, E.M., died on or about October 23, 2019, and is survived by her father, Halkut Mahmood Faraj, mother, Lana Akram Mohammad, and siblings, Collective Minors, whom have each sustained substantial pecuniary loss of love, society and companionship by reason of minor-decedent's death.

39.    That on and subsequent to October 23, 2019, E.M., a deceased-minor, did become obligated for various sums of money for the medical, hospital, funeral care and costs of the decedent-minor, pursuant to the Family Expense Act, 750 ILCS 65/15.

WHEREFORE, the Plaintiffs demand judgment against the Defendant, Michael Allen Duvick in an amount in excess of seventy-five thousand dollars ($75,000.00), the minimum jurisdictional amount of this Court, and for any and all other relief this Court deems proper.

**COUNT VII**
**Institutional Negligence**
**Lana Akram Mohammed, Individually v. MIT Illinois Inc.**

40.    Plaintiff incorporates by reference Paragraphs 1-16 herein.

41.    At all times relevant herein, and upon information and belief, MIT Illinois Inc., did not have an adequate performance standard in place to ensure that it hired and retained qualified and competent truck drivers and that its commercial truck drivers performed their job duties in accordance with the Federal Motor Carrier Safety Administration (FMCSA) guidelines and regulations.

42.    At all times relevant herein, and upon information and belief, there were FMCSA guidelines and regulations and industry standards in effect relating to driver qualification and retention of

truck drivers, entrustment of equipment, and training, supervision and monitoring on lane changes, notice of hazardous conditions and safe driving procedures.

43.     At all times relevant hereto, and upon information and belief, Defendant MIT Illinois Inc., did not adequately inform Defendant, Duvick, of FMCSA's guidelines and regulations relating to lane changes, notice of hazardous conditions and safe driving procedures.

44.     At all times relevant herein, and upon information and belief, Defendant MIT Illinois Inc., did not have an adequate performance standard in place to ensure that the FMCSA's guidelines and regulations were being followed and correctly implemented by its commercial truck drivers.

45.     At all times relevant herein, Defendant MIT Illinois Inc., owed a duty of reasonable care to Plaintiffs.

46.     At all times relevant herein, Defendant MIT Illinois Inc., owed to Plaintiffs the duty to train, educate and/or adequately inform its commercial truck drivers of the FMCSA's guideline and regulations, to ensure the safety of other motorists traveling on the roadway.

47.     On or about October 23, 2019, and at all times relevant herein, Defendant MIT Illinois Inc., individually and by and through its permissive users, failed to exercise reasonable care by committing one or more of the following acts or omissions:

      a.   Failed to implement adequate performance standards to ensure that its commercial truck drivers, including Duvick, performed their job duties in accordance with the FMCSA guidelines and procedures; and/or

      b.   Failed to periodically review the performance of its commercial truck drivers, including Duvick, to determine whether they were adequately following FMCSA guidelines and procedures; and/or

      c.   Failed to entrust its equipment to a reasonably safe truck driver in accordance with FMCSA Safety Regulations, state laws, industry standards and MIT Illinois Inc.'s, driver safety handbook; and/or

      d.   Failed to adequately inform Duvick of the FMCSA's guidelines and procedures relating to lane changes and safely approaching a construction zone.

48.     That as a direct and proximate result of the aforementioned negligent acts and/or omissions of the Defendant, the surviving Plaintiff, Lana Akram Mohammed, Individually, sustained severe and

permanent injuries, both internally and externally, and was and will be hindered and prevented from attending to their usual duties and affairs, and has lost and will in the future lose the value of that time as aforementioned. Plaintiff also sustained great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff demands judgment against the Defendant, MIT Illinois Inc., in an amount in excess of seventy-five thousand dollars ($75,000.00), the minimum jurisdictional amount of this Court, and for any and all other relief this Court deems proper.

### COUNT VIII
### Institutional Negligence
### Lana Akram Mohammed, as Parent for Collective Minors v. MIT Illinois Inc.

49.     Plaintiff incorporates by reference Paragraphs 1-16 herein.

50.     At all times relevant herein, and upon information and belief, MIT Illinois did not have an adequate performance standard in place to ensure that it hired and retained qualified and competent truck drivers and that its commercial truck drivers performed their job duties in accordance with the Federal Motor Carrier Safety Administration (FMCSA) guidelines and regulations.

51.     At all times relevant herein, and upon information and belief, there were FMCSA guidelines and regulations and industry standards in effect relating to driver qualification and retention of truck drivers, entrustment of equipment, and training, supervision and monitoring on lane changes, notice of hazardous conditions and safe driving procedures.

52.     At all times relevant hereto, and upon information and belief, Defendant MIT Illinois did not adequately inform Defendant, Duvick, of FMCSA's guidelines and regulations relating to lane changes, notice of hazardous conditions and safe driving procedures.

53.     At all times relevant herein, and upon information and belief, Defendant MIT Illinois did not have an adequate performance standard in place to ensure that the FMCSA's guidelines and regulations were being followed and correctly implemented by its commercial truck drivers.

54.     At all times relevant herein, Defendant TransCorr owed a duty of reasonable care to Plaintiffs.

55.     At all times relevant herein, Defendant TransCorr owed to Plaintiffs the duty to train, educate and/or adequately inform its commercial truck drivers of the FMCSA's guideline and regulations, to ensure the safety of other motorists traveling on the roadway.

56.     On or about October 23, 2019, and at all times relevant herein, Defendant MIT Illinois individually and by and through its permissive users, failed to exercise reasonable care by committing one or more of the following acts or omissions:

   a.   Failed to implement adequate performance standards to ensure that its commercial truck drivers, including Duvick, performed their job duties in accordance with the FMCSA guidelines and procedures; and/or

   b.   Failed to periodically review the performance of its commercial truck drivers, including Duvick, to determine whether they were adequately following FMCSA guidelines and procedures; and/or

   c.   Failed to entrust its equipment to a reasonably safe truck driver in accordance with FMCSA Safety Regulations, state laws, industry standards and TransCorr's driver safety handbook; and/or

   d.   Failed to adequately inform Duvick of the FMCSA's guidelines and procedures relating to lane changes and safely approaching a construction zone.

57.     That as a direct and proximate result of the aforementioned negligent acts and/or omissions of the Defendant, the surviving Plaintiffs, Collective Minors, sustained severe and permanent injuries, both internally and externally, and was and will be hindered and prevented from attending to their usual duties and affairs, and has lost and will in the future lose the value of that time as aforementioned. Plaintiffs also sustained great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiffs further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiffs demand judgment against the Defendant, MIT Illinois Inc., in an amount in excess of seventy-five thousand dollars ($75,000.00), the minimum jurisdictional amount of this Court, and for any and all other relief this Court deems proper.

**COUNT IX**
**Wrongful Death | Institutional Negligence**
**Halkut Mahmood Faraj, as Parent and Special Administrator of the Estate of E.M., a deceased Minor v. MIT Illinois Inc.**

58.     Plaintiff incorporates by reference Paragraphs 1-16 herein.

59.     At all times relevant herein, and upon information and belief, MIT Illinois, did not have an adequate performance standard in place to ensure that it hired and retained qualified and competent truck drivers and that its commercial truck drivers performed their job duties in accordance with the Federal Motor Carrier Safety Administration (FMCSA) guidelines and regulations.

60.     At all times relevant herein, and upon information and belief, there were FMCSA guidelines and regulations and industry standards in effect relating to driver qualification and retention of truck drivers, entrustment of equipment, and training, supervision and monitoring on lane changes, notice of hazardous conditions and safe driving procedures.

61.     At all times relevant hereto, and upon information and belief, Defendant MIT Illinois, did not adequately inform Defendant, Duvick, of FMCSA's guidelines and regulations relating to lane changes, notice of hazardous conditions and safe driving procedures.

62.     At all times relevant herein, and upon information and belief, Defendant MIT Illinois, did not have an adequate performance standard in place to ensure that the FMCSA's guidelines and regulations were being followed and correctly implemented by its commercial truck drivers.

63.     At all times relevant herein, Defendant MIT Illinois, owed a duty of reasonable care to Plaintiffs.

64.     At all times relevant herein, Defendant MIT Illinois, owed to Plaintiffs the duty to train, educate and/or adequately inform its commercial truck drivers of the FMCSA's guideline and regulations, to ensure the safety of other motorists traveling on the roadway.

65.     On or about October 23, 2019, and at all times relevant herein, Defendant MIT Illinois, individually and by and through its permissive users, failed to exercise reasonable care by committing one or more of the following acts or omissions:

a. Failed to implement adequate performance standards to ensure that its commercial truck drivers, including Duvick, performed their job duties in accordance with the FMCSA guidelines and procedures; and/or

b. Failed to periodically review the performance of its commercial truck drivers, including Duvick, to determine whether they were adequately following FMCSA guidelines and procedures; and/or

c. Failed to entrust its equipment to a reasonably safe truck driver in accordance with FMCSA Safety Regulations, state laws, industry standards and TransCorr's, driver safety handbook; and/or

d. Failed to adequately inform Duvick of the FMCSA's guidelines and procedures relating to lane changes and safely approaching a construction zone.

66.     That as a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendants, MIT Illinois and Duvick, the minor-decedent, E.M., died on or about October 23, 2019, and the remaining Plaintiffs were seriously injured.

67.     That the minor-decedent, E.M., is survived by her father, Halkut Mahmood Faraj, mother, Lana Akram Mohammad, and siblings, Collective Minors, who have each sustained substantial pecuniary loss of love, society and companionship by reason of minor-decedent's death.

68.     That this action is brought pursuant to 740 ILCS 180/1 *et seq*., commonly known as the Illinois Wrongful Death Act.

WHEREFORE, the Plaintiffs demand judgment against the Defendant, MIT Illinois Inc., in an amount in excess of seventy-five thousand dollars ($75,000.00), the minimum jurisdictional amount of this Court, and for any and all other relief this Court deems proper.

### COUNT X
### Survival | Family Expense Act | Institutional Negligence
### Halkut Mahmood Faraj, as Parent and Special Administrator of the Estate of E.M., a deceased Minor v. MIT Illinois Inc.

69.     Plaintiff incorporates by reference Paragraphs 1-16 herein.

70.     At all times relevant herein, and upon information and belief, MIT Illinois, did not have an adequate performance standard in place to ensure that it hired and retained qualified and competent truck drivers and that its commercial truck drivers performed their job duties in accordance with the Federal Motor Carrier Safety Administration (FMCSA) guidelines and regulations.

71.     At all times relevant herein, and upon information and belief, there were FMCSA guidelines and regulations and industry standards in effect relating to driver qualification and retention of truck drivers, entrustment of equipment, and training, supervision and monitoring on lane changes, notice of hazardous conditions and safe driving procedures.

72.     At all times relevant hereto, and upon information and belief, Defendant MIT Illinois, did not adequately inform Defendant, Duvick, of FMCSA's guidelines and regulations relating to lane changes, notice of hazardous conditions and safe driving procedures.

73.     At all times relevant herein, and upon information and belief, Defendant MIT Illinois, did not have an adequate performance standard in place to ensure that the FMCSA's guidelines and regulations were being followed and correctly implemented by its commercial truck drivers.

74.     At all times relevant herein, Defendant MIT Illinois, owed a duty of reasonable care to Plaintiffs.

75.     At all times relevant herein, Defendant MIT Illinois, owed to Plaintiffs the duty to train, educate and/or adequately inform its commercial truck drivers of the FMCSA's guideline and regulations, to ensure the safety of other motorists traveling on the roadway.

76.     On or about October 23, 2019, and at all times relevant herein, Defendant MIT Illinois, individually and by and through its permissive users, failed to exercise reasonable care by committing one or more of the following acts or omissions:

   a.  Failed to implement adequate performance standards to ensure that its commercial truck drivers, including Duvick, performed their job duties in accordance with the FMCSA guidelines and procedures; and/or

   b.  Failed to periodically review the performance of its commercial truck drivers, including Duvick, to determine whether they were adequately following FMCSA guidelines and procedures; and/or

   c.  Failed to entrust its equipment to a reasonably safe truck driver in accordance with FMCSA Safety Regulations, state laws, industry standards and TransCorr's, driver safety handbook; and/or

   d.  Failed to adequately inform Duvick of the FMCSA's guidelines and procedures relating to lane changes and safely approaching a construction zone.

77. That as a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendants, MIT Illinois and Duvick, the minor-decedent, E.M., died on or about October 23, 2019, and the remaining Plaintiffs were seriously injured.

78. That the minor-decedent, E.M., is survived by her father, Halkut Mahmood Faraj, mother, Lana Akram Mohammad, and siblings, Collective Minors, who have each sustained substantial pecuniary loss of love, society and companionship by reason of minor-decedent's death.

79. That on and subsequent to October 23, 2019, E.M., a deceased-minor, did become obligated for various sums of money for the medical, hospital, funeral care and costs of the decedent-minor, pursuant to the Family Expense Act, 750 ILCS 65/15.

WHEREFORE, the Plaintiffs demand judgment against the Defendant, MIT Illinois Inc., in an amount in excess of seventy-five thousand dollars ($75,000.00), the minimum jurisdictional amount of this Court, and for any and all other relief this Court deems proper.

## COUNT XI
### Institutional Negligence
### Lana Akram Mohammed, Individually v. TransCorr LLC d/b/a Venture Logistics a/k/a TransCorr Logistics

80. Plaintiff incorporates by reference Paragraphs 1-16 herein.

81. At all times relevant herein, and upon information and belief, TransCorr, did not have an adequate performance standard in place to ensure that it hired and retained qualified and competent truck drivers and that its commercial truck drivers performed their job duties in accordance with the Federal Motor Carrier Safety Administration (FMCSA) guidelines and regulations.

82. At all times relevant herein, and upon information and belief, there were FMCSA guidelines and regulations and industry standards in effect relating to driver qualification and retention of truck drivers, entrustment of equipment, and training, supervision and monitoring on lane changes, notice of hazardous conditions and safe driving procedures.

83. At all times relevant hereto, and upon information and belief, Defendant TransCorr, did not adequately inform Defendant, Duvick, of FMCSA's guidelines and regulations relating to lane changes,

15

notice of hazardous conditions and safe driving procedures.

84.     At all times relevant herein, and upon information and belief, Defendant TransCorr, did not have an adequate performance standard in place to ensure that the FMCSA's guidelines and regulations were being followed and correctly implemented by its commercial truck drivers.

85.     At all times relevant herein, Defendant TransCorr, owed a duty of reasonable care to Plaintiffs.

86.     At all times relevant herein, Defendant TransCorr, owed to Plaintiffs the duty to train, educate and/or adequately inform its commercial truck drivers of the FMCSA's guideline and regulations, to ensure the safety of other motorists traveling on the roadway.

87.     On or about October 23, 2019, and at all times relevant herein, Defendant TransCorr, individually and by and through its permissive users, failed to exercise reasonable care by committing one or more of the following acts or omissions:

    a.   Failed to implement adequate performance standards to ensure that its commercial truck drivers, including Duvick, performed their job duties in accordance with the FMCSA guidelines and procedures; and/or

    b.   Failed to periodically review the performance of its commercial truck drivers, including Duvick, to determine whether they were adequately following FMCSA guidelines and procedures; and/or

    c.   Failed to entrust its equipment to a reasonably safe truck driver in accordance with FMCSA Safety Regulations, state laws, industry standards and MIT Illinois Inc.'s, driver safety handbook; and/or

    d.   Failed to adequately inform Duvick of the FMCSA's guidelines and procedures relating to lane changes and safely approaching a construction zone.

88.     That as a direct and proximate result of the aforementioned negligent acts and/or omissions of the Defendant, the surviving Plaintiff, Lana Akram Mohammed, Individually, sustained severe and permanent injuries, both internally and externally, and was and will be hindered and prevented from attending to their usual duties and affairs, and has lost and will in the future lose the value of that time as aforementioned. Plaintiff also sustained great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become

liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff demands judgment against the Defendant, TransCorr LLC d/b/a Venture Logistics a/k/a TransCorr Logistics, in an amount in excess of seventy-five thousand dollars ($75,000.00), the minimum jurisdictional amount of this Court, and for any and all other relief this Court deems proper.

**COUNT XII**
**Institutional Negligence**
**Lana Akram Mohammed, as Parent for Collective Minors v. TransCorr LLC d/b/a Venture Logistics a/k/a TransCorr Logistics**

89.     Plaintiff incorporates by reference Paragraphs 1-16 herein.

90.     At all times relevant herein, and upon information and belief, TransCorr did not have an adequate performance standard in place to ensure that it hired and retained qualified and competent truck drivers and that its commercial truck drivers performed their job duties in accordance with the Federal Motor Carrier Safety Administration (FMCSA) guidelines and regulations.

91.     At all times relevant herein, and upon information and belief, there were FMCSA guidelines and regulations and industry standards in effect relating to driver qualification and retention of truck drivers, entrustment of equipment, and training, supervision and monitoring on lane changes, notice of hazardous conditions and safe driving procedures.

92.     At all times relevant hereto, and upon information and belief, Defendant TransCorr did not adequately inform Defendant, Duvick, of FMCSA's guidelines and regulations relating to lane changes, notice of hazardous conditions and safe driving procedures.

93.     At all times relevant herein, and upon information and belief, Defendant TransCorr did not have an adequate performance standard in place to ensure that the FMCSA's guidelines and regulations were being followed and correctly implemented by its commercial truck drivers.

94.     At all times relevant herein, Defendant TransCorr owed a duty of reasonable care to Plaintiffs.

95. At all times relevant herein, Defendant TransCorr owed to Plaintiffs the duty to train, educate and/or adequately inform its commercial truck drivers of the FMCSA's guideline and regulations, to ensure the safety of other motorists traveling on the roadway.

96. On or about October 23, 2019, and at all times relevant herein, Defendant TransCorr individually and by and through its permissive users, failed to exercise reasonable care by committing one or more of the following acts or omissions:

   a. Failed to implement adequate performance standards to ensure that its commercial truck drivers, including Duvick, performed their job duties in accordance with the FMCSA guidelines and procedures; and/or

   b. Failed to periodically review the performance of its commercial truck drivers, including Duvick, to determine whether they were adequately following FMCSA guidelines and procedures; and/or

   c. Failed to entrust its equipment to a reasonably safe truck driver in accordance with FMCSA Safety Regulations, state laws, industry standards and TransCorr's driver safety handbook; and/or

   d. Failed to adequately inform Duvick of the FMCSA's guidelines and procedures relating to lane changes and safely approaching a construction zone.

97. That as a direct and proximate result of the aforementioned negligent acts and/or omissions of the Defendant, the surviving Plaintiffs, Collective Minors, sustained severe and permanent injuries, both internally and externally, and was and will be hindered and prevented from attending to their usual duties and affairs, and has lost and will in the future lose the value of that time as aforementioned. Plaintiffs also sustained great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiffs further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiffs demand judgment against the Defendant, TransCorr LLC d/b/a Venture Logistics a/k/a TransCorr Logistics in an amount in excess of seventy-five thousand dollars ($75,000.00), the minimum jurisdictional amount of this Court, and for any and all other relief this Court deems proper.

### COUNT XIII
### Wrongful Death | Institutional Negligence

**Halkut Mahmood Faraj, as Parent and Special Administrator of the Estate of E.M., a deceased Minor v. TransCorr LLC d/b/a Venture Logistics a/k/a TransCorr Logistics**

98.     Plaintiff incorporates by reference Paragraphs 1-16 herein.

99.     At all times relevant herein, and upon information and belief, TransCorr, did not have an adequate performance standard in place to ensure that it hired and retained qualified and competent truck drivers and that its commercial truck drivers performed their job duties in accordance with the Federal Motor Carrier Safety Administration (FMCSA) guidelines and regulations.

100.     At all times relevant herein, and upon information and belief, there were FMCSA guidelines and regulations and industry standards in effect relating to driver qualification and retention of truck drivers, entrustment of equipment, and training, supervision and monitoring on lane changes, notice of hazardous conditions and safe driving procedures.

101.     At all times relevant hereto, and upon information and belief, Defendant TransCorr, did not adequately inform Defendant, Duvick, of FMCSA's guidelines and regulations relating to lane changes, notice of hazardous conditions and safe driving procedures.

102.     At all times relevant herein, and upon information and belief, Defendant TransCorr, did not have an adequate performance standard in place to ensure that the FMCSA's guidelines and regulations were being followed and correctly implemented by its commercial truck drivers.

103.     At all times relevant herein, Defendant TransCorr, owed a duty of reasonable care to Plaintiffs.

104.     At all times relevant herein, Defendant TransCorr, owed to Plaintiffs the duty to train, educate and/or adequately inform its commercial truck drivers of the FMCSA's guideline and regulations, to ensure the safety of other motorists traveling on the roadway.

105.     On or about October 23, 2019, and at all times relevant herein, Defendant TransCorr, individually and by and through its permissive users, failed to exercise reasonable care by committing one or more of the following acts or omissions:

        a.     Failed to implement adequate performance standards to ensure that its commercial truck drivers, including Duvick, performed their job duties in accordance with the

FMCSA guidelines and procedures; and/or

b.  Failed to periodically review the performance of its commercial truck drivers, including Duvick, to determine whether they were adequately following FMCSA guidelines and procedures; and/or

c.  Failed to entrust its equipment to a reasonably safe truck driver in accordance with FMCSA Safety Regulations, state laws, industry standards and TransCorr's, driver safety handbook; and/or

d.  Failed to adequately inform Duvick of the FMCSA's guidelines and procedures relating to lane changes and safely approaching a construction zone.

106.    That as a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendants, TransCorr and Duvick, the minor-decedent, E.M., died on or about October 23, 2019, and the remaining Plaintiffs were seriously injured.

107.    That the minor-decedent, E.M., is survived by her father, Halkut Mahmood Faraj, mother, Lana Akram Mohammad, and siblings, Collective Minors, who have each sustained substantial pecuniary loss of love, society and companionship by reason of minor-decedent's death.

108.    That this action is brought pursuant to 740 ILCS 180/1 *et seq*., commonly known as the Illinois Wrongful Death Act.

WHEREFORE, the Plaintiffs demand judgment against the Defendant, TransCorr LLC d/b/a Venture Logistics a/k/a TransCorr Logistics, in an amount in excess of seventy-five thousand dollars ($75,000.00), the minimum jurisdictional amount of this Court, and for any and all other relief this Court deems proper.

## COUNT XIV
**Survival | Family Expense Act | Institutional Negligence**
**Halkut Mahmood Faraj, as Parent and Special Administrator of the Estate of E.M., a deceased Minor v. TransCorr LLC d/b/a Venture Logistics a/k/a TransCorr Logistics**

109.    Plaintiff incorporates by reference Paragraphs 1-16 herein.

110.    At all times relevant herein, and upon information and belief, TransCorr, did not have an adequate performance standard in place to ensure that it hired and retained qualified and competent truck drivers and that its commercial truck drivers performed their job duties in accordance with the Federal Motor Carrier Safety Administration (FMCSA) guidelines and regulations.

111.    At all times relevant herein, and upon information and belief, there were FMCSA guidelines and regulations and industry standards in effect relating to driver qualification and retention of truck drivers, entrustment of equipment, and training, supervision and monitoring on lane changes, notice of hazardous conditions and safe driving procedures.

112.    At all times relevant hereto, and upon information and belief, Defendant TransCorr, did not adequately inform Defendant, Duvick, of FMCSA's guidelines and regulations relating to lane changes, notice of hazardous conditions and safe driving procedures.

113.    At all times relevant herein, and upon information and belief, Defendant TransCorr, did not have an adequate performance standard in place to ensure that the FMCSA's guidelines and regulations were being followed and correctly implemented by its commercial truck drivers.

114.    At all times relevant herein, Defendant TransCorr, owed a duty of reasonable care to Plaintiffs.

115.    At all times relevant herein, Defendant TransCorr, owed to Plaintiffs the duty to train, educate and/or adequately inform its commercial truck drivers of the FMCSA's guideline and regulations, to ensure the safety of other motorists traveling on the roadway.

116.    On or about October 23, 2019, and at all times relevant herein, Defendant TransCorr, individually and by and through its permissive users, failed to exercise reasonable care by committing one or more of the following acts or omissions:

a.    Failed to implement adequate performance standards to ensure that its commercial truck drivers, including Duvick, performed their job duties in accordance with the FMCSA guidelines and procedures; and/or

b.    Failed to periodically review the performance of its commercial truck drivers, including Duvick, to determine whether they were adequately following FMCSA guidelines and procedures; and/or

c.    Failed to entrust its equipment to a reasonably safe truck driver in accordance with FMCSA Safety Regulations, state laws, industry standards and TransCorr's, driver safety handbook; and/or

d.    Failed to adequately inform Duvick of the FMCSA's guidelines and procedures relating to lane changes and safely approaching a construction zone.

117.     That as a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendants, TransCorr and Duvick, the minor-decedent, E.M., died on or about October 23, 2019, and the remaining Plaintiffs were seriously injured.

118.     That the minor-decedent, E.M., is survived by her father, Halkut Mahmood Faraj, mother, Lana Akram Mohammad, and siblings, Collective Minors, who have each sustained substantial pecuniary loss of love, society and companionship by reason of minor-decedent's death.

119.     That on and subsequent to October 23, 2019, E.M., a deceased-minor, did become oblgiated for various sums of money for the medical, hospital, funeral care and costs of the decedent-minor, pursuant to the Family Expense Act, 750 ILCS 65/15.

WHEREFORE, the Plaintiffs demand judgment against the Defendant, TransCorr LLC d/b/a Venture Logistics a/k/a TransCorr Logistics, in an amount in excess of seventy-five thousand dollars ($75,000.00), the minimum jurisdictional amount of this Court, and for any and all other relief this Court deems proper.

## COUNT XV
### Agency | Restatement 414
### Lana Akram Mohammed, Individually v. MIT Illinois Inc.

120.     Plaintiff incorporates by reference Paragraphs 1-16 herein.

121.     Upon information and belief, Defendant, MIT Illinois, leased to the Defendant, TransCorr, the semi-tractor to haul the load that was involved in this collision.

122.     Upon information and belief, Defendant MIT Illinois exercised control of the Defendant, TransCorr by requiring them to report all accidents to the Defendant MIT Illinois.

123.     Upon information and belief, Defendant MIT Illinois exercised control of the Defendant, TransCorr by requiring in its lease that the Defendant haul and deliver the load involved in this crash safely and on time.

124.     Upon information and belief, Defendant MIT Illinois exercised control of the Defendant, TransCorr by requiring the Defendant to operate its equipment by safe, careful, and properly licensed drivers with care and precaution.

22

125.    Upon information and belief, Defendant MIT Illinois, exercised control of the Defendant, TransCorr by prohibiting the use of equipment for transportation of persons or property for hire without proper authority.

126.    Upon information and belief, Defendant MIT Illinois, exercised control of the Defendant, TransCorr by specifically requiring the equipment inspection and maintenance be completed by the Defendant, MIT Illinois at one of its service facilities.

127.    Upon information and belief, Defendant MIT Illinois, exercised control of the Defendant, TransCorr to obtain insurance for the leased equipment.

128.    As a result of this control, the Defendant MIT Illinois, the Defendants, Duvick and TransCorr were in a master-servant relationship.

129.    Defendant MIT Illinois, as the motor carrier is therefore vicariously liable for the action of its sub-hauler and agents, Defendants TransCorr and Duvick.

130.    On October 23, 2019, the Defendant, Duvick, as an agent, employee and/or servant for the Defendant, TransCorr caused their semi-tractor-and-trailer to collide with the vehicle in which Plaintiffs were traveling.

131.    Defendant, MIT Illinois, through its agents, and/or servants, Defendants Duvick and TransCorr, then and there had a duty to operate, manage, maintain and control said tractor-and-trailer with ordinary and reasonable care so as not to cause injury to others.

132.    Notwithstanding the aforesaid duty, the Defendant, MIT Illinois, through its agents, and/or servants, Defendants, Duvick and TransCorr, then and there carelessly and negligently did, or failed to do, one or more of the following wrongful acts and/or omissions:

    a.  Failed to operate the tractor and trailer at a speed which was reasonable and proper with regard to the conditions which would have prevented the tractor and trailer from colliding with the Plaintiffs' vehicle on said roadway;

    b.  Failed to choose a safe gap for changing lanes while operating a semi-truck and trailer, which was necessary to avoid colliding with the Plaintiffs' vehicle;

    c.  Failed to use the proper lookout to ensure a safe gap existed as was legally required to avoid colliding with the Plaintiffs' vehicle in compliance with the legal

requirements and the duty of all persons operating vehicles on the roadway;

d.  Failed to use a signal to indicate to other drivers on the roadway of Duvick's intention to make a lane change, as required by statute;

e.  Failed to lean into his mirrors to ensure other drivers on the roadway were not in his blind-spot and/or "no-zone" as required by statute and federal regulations;

f.  Failed to keep proper visual search at all times while operating a tractor and trailer on the roadway and see ahead for dangers when changing lanes and safely driving along and upon the roadway;

g.  Failed to recognize potential hazards ahead and alongside his tractor and trailer to avoid colliding with the Plaintiffs' vehicle on the roadway; and

h.  Was otherwise careless and/or negligent.

133.    That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, MIT Illinois, by and through its agents, and/or servants Duvick and TransCorr, the Plaintiff, Lana Akram Mohammed, Individually, suffered permanent injuries, disability and/or loss of normal life, pain and suffering, emotional distress, medical expenses, lost wages, damages to personal property, and other losses, and may continue to suffer such damages in the future.

134.    That as a proximate result of such negligence and the resulting collision, Defendant MIT Illinois is vicariously liable for Plaintiff's personal injuries.

WHEREFORE, Plaintiff, Lana Akram Mohammed, individually, demands judgment against Defendant, MIT Illinois Inc., for a sum in excess of $75,000.00, the minimum jurisdictional amount of this Court, and for any and all other relief this Court deems proper.

**COUNT XVI**
**Agency | Restatement 414**
*In the Alternative*
**Lana Arkam Mohammed v. TransCorr LLC d/b/a Venture Logistics a/k/a TransCorr Logistics**

135.    Plaintiff incorporates by reference Paragraphs 1-16 herein.

136.    In the alternative, upon information and belief, Defendant, TransCorr, leased to the Defendant, MIT Illinois, the semi-tractor to haul the load that was involved in this collision.

137.    In the alternative, upon information and belief, Defendant TransCorr exercised control of the Defendant, MIT Illinois by requiring them to report all accidents to the Defendant TransCorr.

138.    In the alternative, upon information and belief, Defendant TransCorr exercised control of the Defendant, MIT Illinois by requiring in its lease that the Defendant haul and deliver the load involved in this crash safely and on time.

139.    In the alternative, upon information and belief, Defendant TransCorr exercised control of the Defendant, MIT Illinois by requiring the Defendant to operate its equipment by safe, careful, and properly licensed drivers with care and precaution.

140.    In the alternative, upon information and belief, Defendant TransCorr, exercised control of the Defendant, MIT Illinois by prohibiting the use of equipment for transportation of persons or property for hire without proper authority.

141.    In the alternative, upon information and belief, Defendant TransCorr, exercised control of the Defendant, MIT Illinois by specifically requiring the equipment inspection and maintenance be completed by the Defendant, TransCorr at one of its service facilities.

142.     In the alternative, upon information and belief, Defendant TransCorr, exercised control of the Defendant, MIT Illinois to obtain insurance for the leased equipment.

143.    In the alternative, as a result of this control, the Defendant TransCorr, the Defendants, Duvick and MIT Illinois were in a master-servant relationship.

144.    In the alternative, Defendant TransCorr, as the motor carrier is therefore vicariously liable for the action of its sub-hauler and agents, Defendants MIT Illinois and Duvick.

145.    In the alternative, on October 23, 2019, the Defendant, Duvick, as an agent, employee and/or servant for the Defendant, MIT Illinois caused their semi-tractor-and-trailer to collide with the vehicle in which Plaintiffs were traveling.

146.    In the alternative, Defendant, TransCorr, through its agents, and/or servants, Defendants

Duvick and MIT Illinois, then and there had a duty to operate, manage, maintain and control said tractor-and-trailer with ordinary and reasonable care so as not to cause injury to others.

147.     In the alternative, notwithstanding the aforesaid duty, the Defendant, TransCorr, through its agents, and/or servants, Defendants,  Duvick and MIT Illinois, then and there carelessly and negligently did, or failed to do, one or more of the following wrongful acts and/or omissions:

  a.  Failed to operate the tractor and trailer at a speed which was reasonable and proper with regard to the conditions which would have prevented the tractor and trailer from colliding with the Plaintiffs' vehicle on said roadway;

  b.  Failed to choose a safe gap for changing lanes while operating a semi-truck and trailer, which was necessary to avoid colliding with the Plaintiffs' vehicle;

  c.  Failed to use the proper lookout to ensure a safe gap existed as was legally required to avoid colliding with the Plaintiffs' vehicle in compliance with the legal requirements and the duty of all persons operating vehicles on the roadway;

  d.  Failed to use a signal to indicate to other drivers on the roadway of Duvick's intention to make a lane change, as required by statute;

  e.  Failed to lean into his mirrors to ensure other drivers on the roadway were not in his blind-spot and/or "no-zone" as required by statute and federal regulations;

  f.  Failed to keep proper visual search at all times while operating a tractor and trailer on the roadway and see ahead for dangers when changing lanes and safely driving along and upon the roadway;

  g.  Failed to recognize potential hazards ahead and alongside his tractor and trailer to avoid colliding with the Plaintiffs' vehicle on the roadway; and

  h.  Was otherwise careless and/or negligent.

148.     In the alternative, that as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, TransCorr, by and through its agents, and/or servants Duvick and MIT Illinois, the Plaintiff, Lana Akram Mohammed, Individually, suffered permanent injuries, disability and/or loss of normal life, pain and suffering, emotional distress, medical expenses, lost wages, damages to personal property, and other losses, and may continue to suffer such damages in the future.

149.     In the alternative, that as a proximate result of such negligence and the resulting collision, Defendant TransCorr is vicariously liable for Plaintiffs' personal injuries.

WHEREFORE, Plaintiff, Lana Akram Mohammed, individually, demands judgment against Defendant, TransCorr LLC d/b/a Venture Logistics a/k/a TransCorr Logistics, for a sum in excess of $75,000.00, the minimum jurisdictional amount of this Court, and for any and all other relief this Court deems proper.

## COUNT XVII
### Agency | Restatement 414
### Lana Akram Mohammed, as Parent for Collective Minors v. MIT Illinois Inc.

150.    Plaintiff incorporates by reference Paragraphs 1-16 herein.

151.    Upon information and belief, Defendant, MIT Illinois, leased to the Defendant, TransCorr, the semi-tractor to haul the load that was involved in this collision.

152.     Upon information and belief, Defendant MIT Illinois exercised control of the Defendant, TransCorr by requiring them to report all accidents to the Defendant MIT Illinois.

153.    Upon information and belief, Defendant MIT Illinois exercised control of the Defendant, TransCorr by requiring in its lease that the Defendant haul and deliver the load involved in this crash safely and on time.

154.    Upon information and belief, Defendant MIT Illinois exercised control of the Defendant, TransCorr by requiring the Defendant to operate its equipment by safe, careful, and properly licensed drivers with care and precaution.

155.    Upon information and belief, Defendant MIT Illinois, exercised control of the Defendant, TransCorr by prohibiting the use of equipment for transportation of persons or property for hire without proper authority.

156.    Upon information and belief, Defendant MIT Illinois, exercised control of the Defendant, TransCorr by specifically requiring the equipment inspection and maintenance be completed by the Defendant, MIT Illinois at one of its service facilities.

157.     Upon information and belief, Defendant MIT Illinois, exercised control of the Defendant, TransCorr to obtain insurance for the leased equipment.

158.    As a result of this control, the Defendant MIT Illinois, the Defendants, Duvick and TransCorr were in a master-servant relationship.

159.    Defendant MIT Illinois, as the motor carrier is therefore vicariously liable for the action of its sub-hauler and agents, Defendants TransCorr and Duvick.

160.    On October 23, 2019, the Defendant, Duvick, as an agent, employee and/or servant for the Defendant, TransCorr caused their semi-tractor-and-trailer to collide with the vehicle in which Plaintiffs were traveling.

161.    Defendant, MIT Illinois, through its agents, and/or servants, Defendants Duvick and TransCorr, then and there had a duty to operate, manage, maintain and control said tractor-and-trailer with ordinary and reasonable care so as not to cause injury to others.

162.    Notwithstanding the aforesaid duty, the Defendant, MIT Illinois, through its agents, and/or servants, Defendants, Duvick and TransCorr, then and there carelessly and negligently did, or failed to do, one or more of the following wrongful acts and/or omissions:

    a.  Failed to operate the tractor and trailer at a speed which was reasonable and proper with regard to the conditions which would have prevented the tractor and trailer from colliding with the Plaintiffs' vehicle on said roadway;

    b.  Failed to choose a safe gap for changing lanes while operating a semi-truck and trailer, which was necessary to avoid colliding with the Plaintiffs' vehicle;

    c.  Failed to use the proper lookout to ensure a safe gap existed as was legally required to avoid colliding with the Plaintiffs' vehicle in compliance with the legal requirements and the duty of all persons operating vehicles on the roadway;

    d.  Failed to use a signal to indicate to other drivers on the roadway of Duvick's intention to make a lane change, as required by statute;

    e.  Failed to lean into his mirrors to ensure other drivers on the roadway were not in his blind-spot and/or "no-zone" as required by statute and federal regulations;

    f.  Failed to keep proper visual search at all times while operating a tractor and trailer on the roadway and see ahead for dangers when changing lanes and safely driving along and upon the roadway;

    g.  Failed to recognize potential hazards ahead and alongside his tractor and trailer to avoid colliding with the Plaintiffs' vehicle on the roadway; and

    h.  Was otherwise careless and/or negligent.

163.    That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, MIT Illinois, by and through its agents, and/or servants Duvick and TransCorr, the Plaintiffs, Collective Minors, suffered permanent injuries, disability and/or loss of normal life, pain and suffering, emotional distress, medical expenses, lost wages, damages to personal property, and other losses, and may continue to suffer such damages in the future.

164.    That as a proximate result of such negligence and the resulting collision, Defendant MIT Illinois is vicariously liable for Plaintiffs' personal injuries.

WHEREFORE, Plaintiff, Lana Akram Mohammed, as Parent for Collective Minors, S.M., A.M, and A.M., demand judgment against Defendant, MIT Illinois Inc., for a sum in excess of $75,000.00, the minimum jurisdictional amount of this Court, and for any and all other relief this Court deems proper.

**COUNT XVIII**
**Agency | Restatement 414**
*In the Alternative*
**Lana Arkam Mohammed as Parent for Collective Minors v. TransCorr LLC d/b/a Venture
Logistics a/k/a TransCorr Logistics**

165.    Plaintiff incorporates by reference Paragraphs 1-16 herein.

166.    In the alternative, upon information and belief, Defendant, TransCorr, leased to the Defendant, MIT Illinois, the semi-tractor to haul the load that was involved in this collision.

167.    In the alternative, upon information and belief, Defendant TransCorr exercised control of the Defendant, MIT Illinois by requiring them to report all accidents to the Defendant TransCorr.

168.    In the alternative, upon information and belief, Defendant TransCorr exercised control of the Defendant, MIT Illinois by requiring in its lease that the Defendant haul and deliver the load involved in this crash safely and on time.

169.    In the alternative, upon information and belief, Defendant TransCorr exercised control of the Defendant, MIT Illinois by requiring the Defendant to operate its equipment by safe, careful, and properly licensed drivers with care and precaution.

170.   In the alternative, upon information and belief, Defendant TransCorr, exercised control of the Defendant, MIT Illinois by prohibiting the use of equipment for transportation of persons or property for hire without proper authority.

171.   In the alternative, upon information and belief, Defendant TransCorr, exercised control of the Defendant, MIT Illinois by specifically requiring the equipment inspection and maintenance be completed by the Defendant, TransCorr at one of its service facilities.

172.    In the alternative, upon information and belief, Defendant TransCorr, exercised control of the Defendant, MIT Illinois to obtain insurance for the leased equipment.

173.   In the alternative, as a result of this control, the Defendant TransCorr, the Defendants, Duvick and MIT Illinois were in a master-servant relationship.

174.   In the alternative, Defendant TransCorr, as the motor carrier is therefore vicariously liable for the action of its sub-hauler and agents, Defendants MIT Illinois and Duvick.

175.   In the alternative, on October 23, 2019, the Defendant, Duvick, as an agent, employee and/or servant for the Defendant, MIT Illinois caused their semi-tractor to collide with the vehicle in which Plaintiffs were traveling.

176.   In the alternative, Defendant, TransCorr, through its agents, and/or servants, Defendants Duvick and MIT Illinois, then and there had a duty to operate, manage, maintain and control said tractor-and-trailer with ordinary and reasonable care so as not to cause injury to others.

177.   In the alternative, notwithstanding the aforesaid duty, the Defendant, TransCorr, through its agents, and/or servants, Defendants,  Duvick and MIT Illinois, then and there carelessly and negligently did, or failed to do, one or more of the following wrongful acts and/or omissions:

> a.   Failed to operate the tractor and trailer at a speed which was reasonable and proper with regard to the conditions which would have prevented the tractor and trailer from colliding with the Plaintiffs' vehicle on said roadway;
>
> b.   Failed to choose a safe gap for changing lanes while operating a semi-truck and trailer, which was necessary to avoid colliding with the Plaintiffs' vehicle;
>
> c.   Failed to use the proper lookout to ensure a safe gap existed as was legally required to avoid colliding with the Plaintiffs' vehicle in compliance with the legal

requirements and the duty of all persons operating vehicles on the roadway;

d.   Failed to use a signal to indicate to other drivers on the roadway of Duvick's intention to make a lane change, as required by statute;

e.   Failed to lean into his mirrors to ensure other drivers on the roadway were not in his blind-spot and/or "no-zone" as required by statute and federal regulations;

f.   Failed to keep proper visual search at all times while operating a tractor and trailer on the roadway and see ahead for dangers when changing lanes and safely driving along and upon the roadway;

g.   Failed to recognize potential hazards ahead and alongside his tractor and trailer to avoid colliding with the Plaintiffs' vehicle on the roadway; and

h.   Was otherwise careless and/or negligent.

178.   In the alternative, that as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, TransCorr, by and through its agents, and/or servants Duvick and MIT Illinois, the Plaintiffs, Collective Minors, suffered permanent injuries, disability and/or loss of normal life, pain and suffering, emotional distress, medical expenses, lost wages, damages to personal property, and other losses, and may continue to suffer such damages in the future.

179.   In the alternative, that as a proximate result of such negligence and the resulting collision, Defendant TransCorr is vicariously liable for Plaintiffs' personal injuries.

WHEREFORE, Plaintiff, Lana Akram Mohammed, as Parent for Collective Minors, S.M., A.M., and A.M., demand judgment against Defendant, TransCorr LLC d/b/a Venture Logistics a/k/a TransCorr Logistics, for a sum in excess of $75,000.00, the minimum jurisdictional amount of this Court, and for any and all other relief this Court deems proper.

## COUNT XIX
### Agency | Restatement 414
**Halkut Mahmood Faraj, as Parent and Special Administrator of the Estate of E.M., a deceased Minor v. MIT Illinois Inc.**

180.   Plaintiff incorporates by reference Paragraphs 1-16 herein.

181.   Upon information and belief, Defendant, MIT Illinois, leased to the Defendant, TransCorr, the semi-tractor to haul the load that was involved in this collision.

182.    Upon information and belief, Defendant MIT Illinois exercised control of the Defendant, TransCorr by requiring them to report all accidents to the Defendant MIT Illinois.

183.    Upon information and belief, Defendant MIT Illinois exercised control of the Defendant, TransCorr by requiring in its lease that the Defendant haul and deliver the load involved in this crash safely and on time.

184.    Upon information and belief, Defendant MIT Illinois exercised control of the Defendant, TransCorr by requiring the Defendant to operate its equipment by safe, careful, and properly licensed drivers with care and precaution.

185.    Upon information and belief, Defendant MIT Illinois, exercised control of the Defendant, TransCorr by prohibiting the use of equipment for transportation of persons or property for hire without proper authority.

186.    Upon information and belief, Defendant MIT Illinois, exercised control of the Defendant, TransCorr by specifically requiring the equipment inspection and maintenance be completed by the Defendant, MIT Illinois at one of its service facilities.

187.    Upon information and belief, Defendant MIT Illinois, exercised control of the Defendant, TransCorr to obtain insurance for the leased equipment.

188.    As a result of this control, the Defendant MIT Illinois, the Defendants, Duvick and TransCorr were in a master-servant relationship.

189.    Defendant MIT Illinois, as the motor carrier is therefore vicariously liable for the action of its sub-hauler and agents, Defendants TransCorr and Duvick.

190.    On October 23, 2019, the Defendant, Duvick, as an agent, employee and/or servant for the Defendant, TransCorr caused their semi-tractor to collide with the vehicle in which Plaintiffs were traveling.

191.    Defendant, MIT Illinois, through its agents, and/or servants, Defendants Duvick and TransCorr, then and there had a duty to operate, manage, maintain and control said tractor-and-trailer with ordinary and reasonable care so as not to cause injury to others.

192.     Notwithstanding the aforesaid duty, the Defendant, MIT Illinois, through its agents, and/or servants, Defendants,  Duvick and TransCorr, then and there carelessly and negligently did, or failed to do, one or more of the following wrongful acts and/or omissions:

    a.  Failed to operate the tractor and trailer at a speed which was reasonable and proper with regard to the conditions which would have prevented the tractor and trailer from colliding with the Plaintiffs' vehicle on said roadway;

    b.  Failed to choose a safe gap for changing lanes while operating a semi-truck and trailer, which was necessary to avoid colliding with the Plaintiffs' vehicle;

    c.  Failed to use the proper lookout to ensure a safe gap existed as was legally required to avoid colliding with the Plaintiffs' vehicle in compliance with the legal requirements and the duty of all persons operating vehicles on the roadway;

    d.  Failed to use a signal to indicate to other drivers on the roadway of Duvick's intention to make a lane change, as required by statute;

    e.  Failed to lean into his mirrors to ensure other drivers on the roadway were not in his blind-spot and/or "no-zone" as required by statute and federal regulations;

    f.  Failed to keep proper visual search at all times while operating a tractor and trailer on the roadway and see ahead for dangers when changing lanes and safely driving along and upon the roadway;

    g.  Failed to recognize potential hazards ahead and alongside his tractor and trailer to avoid colliding with the Plaintiffs' vehicle on the roadway; and

    h.  Was otherwise careless and/or negligent.

193.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, MIT Illinois, by and through its agents, and/or servants Duvick and TransCorr, the minor-decedent, E.M., died on or about October 23, 2019.

194.     That as a proximate result of such negligence and the resulting collision, Defendant MIT Illinois is vicariously liable for Plaintiff's death.

WHEREFORE, Plaintiff, Halkut Mahmood Faraj, as Parent and Special Administrator of the Estate of E.M., a deceased Minor, demands judgment against Defendant, MIT Illinois Inc., for a sum in excess of $75,000.00, the minimum jurisdictional amount of this Court, and for any and all other relief this Court deems proper.

## COUNT XX
### Agency | Restatement 414
*In the Alternative*
**Halkut Mahmood Faraj, as Parent and Special Administrator of the Estate of E.M., a deceased Minor v. TransCorr LLC d/b/a Venture Logistics a/k/a TransCorr Logistics**

195.    Plaintiff incorporates by reference Paragraphs 1-16 herein.

196.    In the alternative, upon information and belief, Defendant, TransCorr, leased to the Defendant, MIT Illinois, the semi-tractor to haul the load that was involved in this collision.

197.    In the alternative, upon information and belief, Defendant TransCorr exercised control of the Defendant, MIT Illinois by requiring them to report all accidents to the Defendant TransCorr.

198.    In the alternative, upon information and belief, Defendant TransCorr exercised control of the Defendant, MIT Illinois by requiring in its lease that the Defendant haul and deliver the load involved in this crash safely and on time.

199.    In the alternative, upon information and belief, Defendant TransCorr exercised control of the Defendant, MIT Illinois by requiring the Defendant to operate its equipment by safe, careful, and properly licensed drivers with care and precaution.

200.    In the alternative, upon information and belief, Defendant TransCorr, exercised control of the Defendant, MIT Illinois by prohibiting the use of equipment for transportation of persons or property for hire without proper authority.

201.    In the alternative, upon information and belief, Defendant TransCorr, exercised control of the Defendant, MIT Illinois by specifically requiring the equipment inspection and maintenance be completed by the Defendant, TransCorr at one of its service facilities.

202.     In the alternative, upon information and belief, Defendant TransCorr, exercised control of the Defendant, MIT Illinois to obtain insurance for the leased equipment.

203.    In the alternative, as a result of this control, the Defendant TransCorr, the Defendants, Duvick and MIT Illinois were in a master-servant relationship.

204.    In the alternative, Defendant TransCorr, as the motor carrier is therefore vicariously liable for the action of its sub-hauler and agents, Defendants MIT Illinois and Duvick.

205.     In the alternative, on October 23, 2019, the Defendant, Duvick, as an agent, employee and/or servant for the Defendant, MIT Illinois caused their semi-tractor to collide with the vehicle in which Plaintiffs were traveling.

206.     In the alternative, Defendant, TransCorr, through its agents, and/or servants, Defendants Duvick and MIT Illinois, then and there had a duty to operate, manage, maintain and control said tractor-and-trailer with ordinary and reasonable care so as not to cause injury to others.

207.     In the alternative, notwithstanding the aforesaid duty, the Defendant, TransCorr, through its agents, and/or servants, Defendants, Duvick and MIT Illinois, then and there carelessly and negligently did, or failed to do, one or more of the following wrongful acts and/or omissions:

   a.   Failed to operate the tractor and trailer at a speed which was reasonable and proper with regard to the conditions which would have prevented the tractor and trailer from colliding with the Plaintiffs' vehicle on said roadway;

   b.   Failed to choose a safe gap for changing lanes while operating a semi-truck and trailer, which was necessary to avoid colliding with the Plaintiffs' vehicle;

   c.   Failed to use the proper lookout to ensure a safe gap existed as was legally required to avoid colliding with the Plaintiffs' vehicle in compliance with the legal requirements and the duty of all persons operating vehicles on the roadway;

   d.   Failed to use a signal to indicate to other drivers on the roadway of Duvick's intention to make a lane change, as required by statute;

   e.   Failed to lean into his mirrors to ensure other drivers on the roadway were not in his blind-spot and/or "no-zone" as required by statute and federal regulations;

   f.   Failed to keep proper visual search at all times while operating a tractor and trailer on the roadway and see ahead for dangers when changing lanes and safely driving along and upon the roadway;

   g.   Failed to recognize potential hazards ahead and alongside his tractor and trailer to avoid colliding with the Plaintiffs' vehicle on the roadway; and

   h.   Was otherwise careless and/or negligent.

208.     In the alternative, that as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, TransCorr, by and through its agents, and/or servants Duvick and MIT Illinois, the minor-decedent, E.M., died on or about October 23, 2019.

209.     In the alternative, that as a proximate result of such negligence and the resulting collision,

Defendant TransCorr is vicariously liable for Plaintiffs' personal injuries.

WHEREFORE, Plaintiff, Halkut Mahmood Faraj, as Parent and Special Administrator of the Estate of E.M, a deceased Minor demands judgment against Defendant, TransCorr LLC d/b/a Venture Logistics a/k/a TransCorr Logistics, for a sum in excess of $75,000.00, the minimum jurisdictional amount of this Court, and for any and all other relief this Court deems proper.

**COUNT XXI**
*Respondaet* **Superior | Statutory Employer**
**Lana Arkam Mohammed, individually v. MIT Illinois Inc., and TransCorr LLC d/b/a Venture Logistics a/k/a TransCorr Logistics**

210.    Plaintiff incorporates by reference Paragraphs 1-16 herein.

211.    Prior to October 23, 2019, Defendant, MIT Illinois was hired by TransCorr to be the motor carrier to haul the load of goods involved in this collision.

212.    MIT Illinois accepted the load of goods involved in the collision from TransCorr under its authority as a motor carrier pursuant to 49 U.S.C. 13901(c).

213.    In the alternative, TransCorr accepted the load of goods involved in the collision from MIT Illinois under its authority as a motor carrier pursuant to 49 U.S.C. 13901(c).

214.    Defendant TransCorr was listed as the motor carrier on the bill of lading for the load that was involved in this collision.

215.    Defendant MIT Illinois was paid by TransCorr as the motor carrier to haul the load that was involved in this collision.

216.    In the alternative, Defendant TransCorr was paid by MIT Illinois as the motor carrier to haul the load that was involved in this collision.

217.    Defendant TransCorr hired the Defendants, MIT Illinois and Duvick, as a sub-hauler to complete delivery of the load involved in this collision.

218.    In the alternative, Defendant MIT Illinois hired the Defendants, TransCorr and Duvick, as a sub-hauler to complete delivery of the load involved in this collision.

219.    On October 23, 2019, Defendants, MIT Illinois and Duvick were operating said tractor-

trailer in furtherance of a common interest with TransCorr.

220.     In the alternative, On October 23, 2019, Defendants, TransCorr and Duvick were operating said tractor-trailer in furtherance of a common interest with MIT Illinois.

221.     On October 23, 2019, Defendants MIT Illinois and Duvick were operating said tractor and trailer as Defendant TransCorr's agent, employee and/or servant.

222.     In the alternative, On October 23, 2019, Defendants TransCorr and Duvick were operating said tractor and trailer as Defendant MIT Illinois' agent, employee and/or servant

223.     Defendant TransCorr gave the Defendants, MIT Illinois and Duvick directions on where to pick up and deliver the load in question.

224.     In the alternative, Defendant MIT Illinois gave the Defendants, TransCorr and Duvick directions on where to pick up and deliver the load in question.

225.     Defendant TransCorr gave the Defendants, MIT Illinois and Duvick delivery times for the load in question.

226.     In the alternative, Defendant MIT Illinois gave the Defendants, TransCorr and Duvick delivery times for the load in question.

227.     Defendant TransCorr agreed to pay Defendants MIT Illinois and Duvick from the proceeds received from hauling the load in question as a motor carrier.

228.     In the alternative, Defendant MIT Illinois agreed to pay Defendants TransCorr and Duvick from the proceeds received from hauling the load in question as a motor carrier.

229.     Defendant TransCorr was responsible for the Defendants, MIT Illinois and Duvick to haul and deliver the load involved in the crash safely and on time.

230.     In the alternative, Defendant MIT Illinois was responsible for the Defendants, TransCorr and Duvick to haul and deliver the load involved in the crash safely and on time

231.     Defendant TransCorr was hired to be the motor carrier to haul the load in this collision, subsequently TransCorr is required to follow Federal Motor Carrier Safety Regulations ("FMCSR") §376.12, in hiring a sub-hauler such as MIT Illinois.

232.     In the alternative, Defendant MIT Illinois was hired to be the motor carrier to haul the load in this collision, subsequently MIT Illinois is required to follow Federal Motor Carrier Safety Regulations ("FMCSR") §376.12, in hiring a sub-hauler such as TransCorr

233.     That pursuant to FMCSR §376.12(a), the lease agreement should have been made between TransCorr and MIT Illinois and signed by the parties and/or its agents, employees and/or servants.

234.     That pursuant to FMCSR §376.12(b), the lease agreement should have specified the time, date and circumstances upon which the lease begins and ends.

235.     That pursuant to FMCSR §376.12(c)(1) the lease requirements required express language that TransCorr assume exclusive control of the equipment for the duration of the lease.

236.     In the alternative, that pursuant to FMCSR §376.12(c)(1) the lease requirements required express language that MIT Illinois assume exclusive control of the equipment for the duration of the lease.

237.     As the Defendant, MIT Illinois was hired as a motor carrier by TransCorr to haul the load involved in this collision, pursuant to FMCSR §376.12, a properly executed written lease makes the motor carrier Defendant, MIT Illinois an agent of Defendant, TransCorr.

238.     In the alternative, as the Defendant, TransCorr was hired as a motor carrier by MIT Illinois to haul the load involved in this collision, pursuant to FMCSR §376.12, a properly executed written lease makes the motor carrier Defendant, TransCorr an agent of Defendant, MIT Illinois.

239.     Pursuant to FMCSR §376.12 because Defendant MIT Illinois accepted the load from TransCorr, TransCorr was the statutory employer when it employed Defendants, MIT Illinois and Duvick to haul the load that was involved in this collision.

240.     In the alternative, pursuant to FMCSR §376.12 because Defendant TransCorr accepted the load from MIT Illinois, MIT Illinois was the statutory employer when it employed Defendants, TransCorr and Duvick to haul the load that was involved in this collision.

241.     Defendant MIT Illinois is therefore vicariously liable for the actions of its statutory employer/sub-hauler, TransCorr and Duvick.

242.     In the alternative, Defendant TransCorr is therefore vicariously liable for the actions of its

statutory employer/sub-hauler, MIT Illinois and Duvick

243.    On October 23, 2019, the Defendants, MIT Illinois and Duvick, caused their semi-tractor to collide with the vehicle driven and occupied by Lana Arkam Mohammed.

244.    Defendant, TransCorr, through its agents, employees and/or servants, Defendants, MIT Illinois and Duvick, then and there had a duty to ensure that the tractor-trailer was operated, managed, maintained and controlled with ordinary and reasonable care so as not to cause injury to others.

245.    In the alternative, Defendant, MIT Illinois, through its agents, employees and/or servants, Defendants, TransCorr and Duvick, then and there had a duty to ensure that the tractor-trailer was operated, managed, maintained and controlled with ordinary and reasonable care so as not to cause injury to others.

246.    At the aforementioned time and place, and notwithstanding the aforesaid duty, Defendant TransCorr and/or MIT Illinois, through its agents, employees and/or servants, Defendants MIT Illinois and/or TransCorr and Duvick, then and there carelessly and negligently did, or failed to do, one or more of the following acts and/or omissions:

    a.   Failed to ensure the tractor and trailer was operated at a speed which was reasonable and proper with regard to the conditions which would have prevented the tractor and trailer from colliding with the Plaintiffs' vehicle on said roadway;

    b.   Failed to ensure that its driver choose a safe gap for changing lanes while operating a semi-truck and trailer, which was necessary to avoid colliding with the Plaintiffs' vehicle;

    c.   Failed to ensure its driver use the proper lookout to ensure a safe gap existed as was legally required to avoid colliding with the Plaintiffs' vehicle in compliance with the legal requirements and the duty of all persons operating vehicles on the roadway;

    d.   Failed to ensure its driver use a signal to indicate to other drivers on the roadway of Duvick's intention to make a lane change, as required by statute;

    e.   Failed to ensure its driver lean into his mirrors to ensure other drivers on the roadway were not in his blind-spot and/or "no-zone" as required by statute and federal regulations;

    f.   Failed to ensure its driver keep proper visual search at all times while operating a tractor and trailer on the roadway and see ahead for dangers when changing lanes and safely driving along and upon the roadway;

    g.   Failed to ensure its driver recognize potential hazards ahead and alongside his

tractor and trailer to avoid colliding with the Plaintiffs' vehicle on the roadway; and

h.   Was otherwise careless and/or negligent.

247.   That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, TransCorr, by and through its agents, servants and/or employees, MIT Illinois and Duvick, Lana Arkam Mohammed sustained injuries of a personal and pecuniary nature.

248.   In the alternative, that as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, MIT Illinois, by and through its agents, servants and/or employees, TransCorr and Duvick, Lana Arkam Mohammed sustained injuries of a personal and pecuniary nature

249.   That as a further direct and proximate result of the aforementioned negligent acts and/or omissions of the above Defendants, the Plaintiff, Lana Arkam Mohammed, suffered permanent injuries, disability and/or loss of normal life, pain and suffering, emotional distress, medical expenses, lost wages, damages to personal property, and other losses, and may continue to suffer such damages in the future.

250.   As a proximate result of such negligent and the resulting collision, Lana Akram Mohammed suffered personal injuries resulting in damage for which Defendant TransCorr is vicariously liable.

251.   In the alternative, as a proximate result of such negligent and the resulting collision, Lana Akram Mohammed suffered personal injuries resulting in damage for which Defendant MIT Illinois is vicariously liable.

WHEREFORE, the Plaintiff, Lana Akram Mohammed, individually, demands judgment against Defendants, MIT Illinois Inc., and TransCorr LLC d/b/a Venture Logistics a/k/a TransCorr Logistics, for a sum in excess of $75,000.00, the minimum jurisdictional amount of this Court, and for any and all other relief this Court deems proper.

**COUNT XXII**
***Respondaet Superior* | Statutory Employer**
**Lana Arkam Mohammed as Parent for Collective Minors v. MIT Illinois Inc., and TransCorr LLC d/b/a Venture Logistics a/k/a TransCorr Logistics**

252.     Plaintiff incorporates by reference Paragraphs 1-16 herein.

253.     Prior to October 23, 2019, Defendant, MIT Illinois was hired by TransCorr to be the motor carrier to haul the load of goods involved in this collision.

254.     MIT Illinois accepted the load of goods involved in the collision from TransCorr under its authority as a motor carrier pursuant to 49 U.S.C. 13901(c).

255.     In the alternative, TransCorr accepted the load of goods involved in the collision from MIT Illinois under its authority as a motor carrier pursuant to 49 U.S.C. 13901(c).

256.     Defendant TransCorr was listed as the motor carrier on the bill of lading for the load that was involved in this collision.

257.     Defendant MIT Illinois was paid by TransCorr as the motor carrier to haul the load that was involved in this collision.

258.     In the alternative, Defendant TransCorr was paid by MIT Illinois as the motor carrier to haul the load that was involved in this collision.

259.     Defendant TransCorr hired the Defendants, MIT Illinois and Duvick, as a sub-hauler to complete delivery of the load involved in this collision.

260.     In the alternative, Defendant MIT Illinois hired the Defendants, TransCorr and Duvick, as a sub-hauler to complete delivery of the load involved in this collision.

261.     On October 23, 2019, Defendants, MIT Illinois and Duvick were operating said tractor-trailer in furtherance of a common interest with TransCorr.

262.     In the alternative, On October 23, 2019, Defendants, TransCorr and Duvick were operating said tractor-trailer in furtherance of a common interest with MIT Illinois.

263.     On October 23, 2019, Defendants MIT Illinois and Duvick were operating said tractor and trailer as Defendant TransCorr's agent, employee and/or servant.

264.     In the alternative, On October 23, 2019, Defendants TransCorr and Duvick were operating said tractor and trailer as Defendant MIT Illinois' agent, employee and/or servant

265.    Defendant TransCorr gave the Defendants, MIT Illinois and Duvick directions on where to pick up and deliver the load in question.

266.    In the alternative, Defendant MIT Illinois gave the Defendants, TransCorr and Duvick directions on where to pick up and deliver the load in question.

267.    Defendant TransCorr gave the Defendants, MIT Illinois and Duvick delivery times for the load in question.

268.    In the alternative, Defendant MIT Illinois gave the Defendants, TransCorr and Duvick delivery times for the load in question.

269.    Defendant TransCorr agreed to pay Defendants MIT Illinois and Duvick from the proceeds received from hauling the load in question as a motor carrier.

270.    In the alternative, Defendant MIT Illinois agreed to pay Defendants TransCorr and Duvick from the proceeds received from hauling the load in question as a motor carrier.

271.    Defendant TransCorr was responsible for the Defendants, MIT Illinois and Duvick to haul and deliver the load involved in the crash safely and on time.

272.    In the alternative, Defendant MIT Illinois was responsible for the Defendants, TransCorr and Duvick to haul and deliver the load involved in the crash safely and on time

273.    Defendant TransCorr was hired to be the motor carrier to haul the load in this collision, subsequently TransCorr is required to follow Federal Motor Carrier Safety Regulations ("FMCSR") §376.12, in hiring a sub-hauler such as MIT Illinois.

274.    In the alternative, Defendant MIT Illinois was hired to be the motor carrier to haul the load in this collision, subsequently MIT Illinois is required to follow Federal Motor Carrier Safety Regulations ("FMCSR") §376.12, in hiring a sub-hauler such as TransCorr

275.    That pursuant to FMCSR §376.12(a), the lease agreement should have been made between TransCorr and MIT Illinois and signed by the parties and/or its agents, employees and/or servants.

276.    That pursuant to FMCSR §376.12(b), the lease agreement should have specified the time, date and circumstances upon which the lease begins and ends.

42

277.     That pursuant to FMCSR §376.12(c)(1) the lease requirements required express language that TransCorr assume exclusive control of the equipment for the duration of the lease.

278.     In the alternative, that pursuant to FMCSR §376.12(c)(1) the lease requirements required express language that MIT Illinois assume exclusive control of the equipment for the duration of the lease.

279.     As the Defendant, MIT Illinois was hired as a motor carrier by TransCorr to haul the load involved in this collision, pursuant to FMCSR §376.12, a properly executed written lease makes the motor carrier Defendant, MIT Illinois an agent of Defendant, TransCorr.

280.     In the alternative, as the Defendant, TransCorr was hired as a motor carrier by MIT Illinois to haul the load involved in this collision, pursuant to FMCSR §376.12, a properly executed written lease makes the motor carrier Defendant, TransCorr an agent of Defendant, MIT Illinois.

281.     Pursuant to FMCSR §376.12 because Defendant MIT Illinois accepted the load from TransCorr, TransCorr was the statutory employer when it employed Defendants, MIT Illinois and Duvick to haul the load that was involved in this collision.

282.     In the alternative, pursuant to FMCSR §376.12 because Defendant TransCorr accepted the load from MIT Illinois, MIT Illinois was the statutory employer when it employed Defendants, TransCorr and Duvick to haul the load that was involved in this collision.

283.     Defendant MIT Illinois is therefore vicariously liable for the actions of its statutory employer/sub-hauler, TransCorr and Duvick.

284.     In the alternative, Defendant TransCorr is therefore vicariously liable for the actions of its statutory employer/sub-hauler, MIT Illinois and Duvick

285.     On October 23, 2019, the Defendants, MIT Illinois and Duvick, caused their semi-tractor to collide with the vehicle driven and occupied by Lana Arkam Mohammed.

286.     Defendant, TransCorr, through its agents, employees and/or servants, Defendants, MIT Illinois and Duvick, then and there had a duty to ensure that the tractor-trailer was operated, managed, maintained and controlled with ordinary and reasonable care so as not to cause injury to others.

287.     In the alternative, Defendant, MIT Illinois, through its agents, employees and/or servants,

Defendants, TransCorr and Duvick, then and there had a duty to ensure that the tractor-trailer was operated, managed, maintained and controlled with ordinary and reasonable care so as not to cause injury to others.

288.     At the aforementioned time and place, and notwithstanding the aforesaid duty, Defendant TransCorr and/or MIT Illinois, through its agents, employees and/or servants, Defendants MIT Illinois and/or TransCorr and Duvick, then and there carelessly and negligently did, or failed to do, one or more of the following acts and/or omissions:

      a.   Failed to ensure the tractor and trailer was operated at a speed which was reasonable and proper with regard to the conditions which would have prevented the tractor and trailer from colliding with the Plaintiffs' vehicle on said roadway;

      b.   Failed to ensure that its driver choose a safe gap for changing lanes while operating a semi-truck and trailer, which was necessary to avoid colliding with the Plaintiffs' vehicle;

      c.   Failed to ensure its driver use the proper lookout to ensure a safe gap existed as was legally required to avoid colliding with the Plaintiffs' vehicle in compliance with the legal requirements and the duty of all persons operating vehicles on the roadway;

      d.   Failed to ensure its driver use a signal to indicate to other drivers on the roadway of Duvick's intention to make a lane change, as required by statute;

      e.   Failed to ensure its driver lean into his mirrors to ensure other drivers on the roadway were not in his blind-spot and/or "no-zone" as required by statute and federal regulations;

      f.   Failed to ensure its driver keep proper visual search at all times while operating a tractor and trailer on the roadway and see ahead for dangers when changing lanes and safely driving along and upon the roadway;

      g.   Failed to ensure its driver recognize potential hazards ahead and alongside his tractor and trailer to avoid colliding with the Plaintiffs' vehicle on the roadway; and

      h.   Was otherwise careless and/or negligent.

289.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, TransCorr, by and through its agents, servants and/or employees, MIT Illinois and Duvick, Collective Minors sustained injuries of a personal and pecuniary nature.

290.     In the alternative, that as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, MIT Illinois, by and through its agents,

servants and/or employees, TransCorr and Duvick, Collective Minors sustained injuries of a personal and pecuniary nature.

291.    That as a further direct and proximate result of the aforementioned negligent acts and/or omissions of the above Defendants, the Plaintiffs, Collective Minors, suffered permanent injuries, disability and/or loss of normal life, pain and suffering, emotional distress, medical expenses, lost wages, damages to personal property, and other losses, and may continue to suffer such damages in the future.

292.    As a proximate result of such negligent and the resulting collision, Collective Minors suffered personal injuries resulting in damage for which Defendant TransCorr is vicariously liable.

293.    In the alternative, as a proximate result of such negligent and the resulting collision, Collective Minors suffered personal injuries resulting in damage for which Defendant MIT Illinois is vicariously liable.

WHEREFORE, the Plaintiffs demand judgment against Defendants, MIT Illinois Inc., and TransCorr LLC d/b/a Venture Logistics a/k/a TransCorr Logistics, for a sum in excess of $75,000.00, the minimum jurisdictional amount of this Court, and for any and all other relief this Court deems proper.

**COUNT XXIII**
*Respondaet Superior* | **Statutory Employer**
**Halkut Mahmood Faraj, as Parent and Special Administrator of the Estate of E.M., a deceased Minor v. MIT Illinois Inc., and TransCorr LLC d/b/a Venture Logistics a/k/a TransCorr Logistics**

294.    Plaintiff incorporates by reference Paragraphs 1-16 herein.

295.    Prior to October 23, 2019, Defendant, MIT Illinois was hired by TransCorr to be the motor carrier to haul the load of goods involved in this collision.

296.    MIT Illinois accepted the load of goods involved in the collision from TransCorr under its authority as a motor carrier pursuant to 49 U.S.C. 13901(c).

297.    In the alternative, TransCorr accepted the load of goods involved in the collision from MIT Illinois under its authority as a motor carrier pursuant to 49 U.S.C. 13901(c).

298.    Defendant TransCorr was listed as the motor carrier on the bill of lading for the load that was involved in this collision.

299.     Defendant MIT Illinois was paid by TransCorr as the motor carrier to haul the load that was involved in this collision.

300.     In the alternative, Defendant TransCorr was paid by MIT Illinois as the motor carrier to haul the load that was involved in this collision.

301.     Defendant TransCorr hired the Defendants, MIT Illinois and Duvick, as a sub-hauler to complete delivery of the load involved in this collision.

302.     In the alternative, Defendant MIT Illinois hired the Defendants, TransCorr and Duvick, as a sub-hauler to complete delivery of the load involved in this collision.

303.     On October 23, 2019, Defendants, MIT Illinois and Duvick were operating said tractor-trailer in furtherance of a common interest with TransCorr.

304.     In the alternative, On October 23, 2019, Defendants, TransCorr and Duvick were operating said tractor-trailer in furtherance of a common interest with MIT Illinois.

305.     On October 23, 2019, Defendants MIT Illinois and Duvick were operating said tractor and trailer as Defendant TransCorr's agent, employee and/or servant.

306.     In the alternative, On October 23, 2019, Defendants TransCorr and Duvick were operating said tractor and trailer as Defendant MIT Illinois' agent, employee and/or servant

307.     Defendant TransCorr gave the Defendants, MIT Illinois and Duvick directions on where to pick up and deliver the load in question.

308.     In the alternative, Defendant MIT Illinois gave the Defendants, TransCorr and Duvick directions on where to pick up and deliver the load in question.

309.     Defendant TransCorr gave the Defendants, MIT Illinois and Duvick delivery times for the load in question.

310.     In the alternative, Defendant MIT Illinois gave the Defendants, TransCorr and Duvick delivery times for the load in question.

311.     Defendant TransCorr agreed to pay Defendants MIT Illinois and Duvick from the proceeds received from hauling the load in question as a motor carrier.

312.    In the alternative, Defendant MIT Illinois agreed to pay Defendants TransCorr and Duvick from the proceeds received from hauling the load in question as a motor carrier.

313.    Defendant TransCorr was responsible for the Defendants, MIT Illinois and Duvick to haul and deliver the load involved in the crash safely and on time.

314.    In the alternative, Defendant MIT Illinois was responsible for the Defendants, TransCorr and Duvick to haul and deliver the load involved in the crash safely and on time

315.    Defendant TransCorr was hired to be the motor carrier to haul the load in this collision, subsequently TransCorr is required to follow Federal Motor Carrier Safety Regulations ("FMCSR") §376.12, in hiring a sub-hauler such as MIT Illinois.

316.    In the alternative, Defendant MIT Illinois was hired to be the motor carrier to haul the load in this collision, subsequently MIT Illinois is required to follow Federal Motor Carrier Safety Regulations ("FMCSR") §376.12, in hiring a sub-hauler such as TransCorr

317.    That pursuant to FMCSR §376.12(a), the lease agreement should have been made between TransCorr and MIT Illinois and signed by the parties and/or its agents, employees and/or servants.

318.    That pursuant to FMCSR §376.12(b), the lease agreement should have specified the time, date and circumstances upon which the lease begins and ends.

319.    That pursuant to FMCSR §376.12(c)(1) the lease requirements required express language that TransCorr assume exclusive control of the equipment for the duration of the lease.

320.    In the alternative, that pursuant to FMCSR §376.12(c)(1) the lease requirements required express language that MIT Illinois assume exclusive control of the equipment for the duration of the lease.

321.    As the Defendant, MIT Illinois was hired as a motor carrier by TransCorr to haul the load involved in this collision, pursuant to FMCSR §376.12, a properly executed written lease makes the motor carrier Defendant, MIT Illinois an agent of Defendant, TransCorr.

322.    In the alternative, as the Defendant, TransCorr was hired as a motor carrier by MIT Illinois to haul the load involved in this collision, pursuant to FMCSR §376.12, a properly executed written lease makes the motor carrier Defendant, TransCorr an agent of Defendant, MIT Illinois.

323.     Pursuant to FMCSR §376.12 because Defendant MIT Illinois accepted the load from TransCorr, TransCorr was the statutory employer when it employed Defendants, MIT Illinois and Duvick to haul the load that was involved in this collision.

324.     In the alternative, pursuant to FMCSR §376.12 because Defendant TransCorr accepted the load from MIT Illinois, MIT Illinois was the statutory employer when it employed Defendants, TransCorr and Duvick to haul the load that was involved in this collision.

325.     Defendant MIT Illinois is therefore vicariously liable for the actions of its statutory employer/sub-hauler, TransCorr and Duvick.

326.     In the alternative, Defendant TransCorr is therefore vicariously liable for the actions of its statutory employer/sub-hauler, MIT Illinois and Duvick

327.     On October 23, 2019, the Defendants, MIT Illinois and Duvick, caused their semi-tractor to collide with the vehicle driven and occupied by Lana Arkam Mohammed.

328.     Defendant, TransCorr, through its agents, employees and/or servants, Defendants, MIT Illinois and Duvick, then and there had a duty to ensure that the tractor-trailer was operated, managed, maintained and controlled with ordinary and reasonable care so as not to cause injury to others.

329.     In the alternative, Defendant, MIT Illinois, through its agents, employees and/or servants, Defendants, TransCorr and Duvick, then and there had a duty to ensure that the tractor-trailer was operated, managed, maintained and controlled with ordinary and reasonable care so as not to cause injury to others.

330.     At the aforementioned time and place, and notwithstanding the aforesaid duty, Defendant TransCorr and/or MIT Illinois, through its agents, employees and/or servants, Defendants MIT Illinois and/or TransCorr and Duvick, then and there carelessly and negligently did, or failed to do, one or more of the following acts and/or omissions:

      a.   Failed to ensure the tractor and trailer was operated at a speed which was reasonable and proper with regard to the conditions which would have prevented the tractor and trailer from colliding with the Plaintiffs' vehicle on said roadway;

      b.   Failed to ensure that its driver choose a safe gap for changing lanes while operating a semi-truck and trailer, which was necessary to avoid colliding with the Plaintiffs' vehicle;

c.  Failed to ensure its driver use the proper lookout to ensure a safe gap existed as was legally required to avoid colliding with the Plaintiffs' vehicle in compliance with the legal requirements and the duty of all persons operating vehicles on the roadway;

d.  Failed to ensure its driver use a signal to indicate to other drivers on the roadway of Duvick's intention to make a lane change, as required by statute;

e.  Failed to ensure its driver lean into his mirrors to ensure other drivers on the roadway were not in his blind-spot and/or "no-zone" as required by statute and federal regulations;

f.  Failed to ensure its driver keep proper visual search at all times while operating a tractor and trailer on the roadway and see ahead for dangers when changing lanes and safely driving along and upon the roadway;

g.  Failed to ensure its driver recognize potential hazards ahead and alongside his tractor and trailer to avoid colliding with the Plaintiffs' vehicle on the roadway; and

h.  Was otherwise careless and/or negligent.

331.    That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, TransCorr, by and through its agents, servants and/or employees, MIT Illinois and Duvick, E.M. died on October 23, 2019.

332.    In the alternative, that as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, MIT Illinois, by and through its agents, servants and/or employees, TransCorr and Duvick, E.M. died on October 23, 2019.

333.    As a proximate result of such negligent and the resulting collision, E.M. suffered personal injuries resulting in death for which Defendant TransCorr is vicariously liable.

334.    In the alternative, a proximate result of such negligent and the resulting collision, E.M. suffered personal injuries resulting in death for which Defendant MIT Illinois is vicariously liable.

WHEREFORE, the Plaintiff, Halkut Mahmood Faraj, as Parent and Special Administrator of the Estate of E.M., a deceased Minor demands judgment against Defendants, MIT Illinois Inc., and TransCorr LLC d/b/a Venture Logistics a/k/a TransCorr Logistics, for a sum in excess of $75,000.00, the minimum jurisdictional amount of this Court, and for any and all other relief this Court deems proper.

**WHITING LAW GROUP, LTD.**                    /s/ Timothy M. Whiting
Timothy M. Whiting                              *One of the Attorneys for Plaintiffs*
901 W. Jackson Blvd., Suite 400
Chicago, IL 60607
T: (312) 372-1655
F: (312) 279-1111
E: eservice@whitinglawgroup.com