## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| HALKUT MAHMOOD FARAJ, as parent and special administrator of the Estate of E.M., a deceased minor, and LANA AKRAM MOHAMMED, individually and as parent for minors, S.M., A.M. and A.M, | ) ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) ) | No. 1:20-cv-4488 Judge Marvin E. Aspen |
| MICHAEL ALLEN DUVICK; MIT ILLINOIS, INC.; and TRANSCORR, LLC d/b/a VENTURE LOGISTICS a/k/a TRANSCORR LOGISTICS, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| MIT ILLINOIS, INC. and MICHAEL ALLEN DUVICK, | ) ) ) | |
| | ) | |
| Defendants/Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) ) | |
| KATHY JEAN FLYNN, EXECUTIVE LEASING, LLC, and WEST BEND MUTUAL INSURANCE COMPANY, | ) ) ) | |
| | ) | |
| Third-Party Defendants. | ) | |

## MEMORANDUM OPINION & ORDER

MARVIN E. ASPEN, District Judge:

This 23-count truck collision lawsuit involves various state law tort theories.  Before us is

Defendants Michael Allen Duvick and MIT Illinois, Inc.'s motion to transfer (Motion to Transfer

(Dkt. No. 41).)  For the reasons set forth below, we grant the motion to transfer.

## BACKGROUND

The following allegations are taken from Plaintiffs' Complaint and assumed as true for the purposes of this motion. *Cont. Off. Installations, Inc. v. Hollman, Inc*., No. 1:17 CV 3729, 2017 WL 5890926, at *5 (N.D. Ill. Nov. 28, 2017) (internal citation omitted).  In short, this lawsuit seeks damages following a collision in Wisconsin involving a truck.

Plaintiff Halkut Mahmood Faraj ("Faraj") is the parent and special administrator of the Estate of E.M., a deceased minor. (Complaint ("Compl.") (Motion to Dismiss (Dkt. No. 1) ¶ 1.) Faraj is a resident of Harrisonburg, Virginia. (*Id.*)  Plaintiff Lana Akram Mohammed ("Mohammed") and Mohammed's minor children, S.M., A.M., and A.M, are also residents of Harrisonburg, Virginia. (*Id.* ¶ 2.)

Defendant Michael Allen Duvick ("Duvick") is a resident of Caneyville, Kentucky. (*Id.* ¶ 3.)  Defendant MIT Illinois Inc. ("MIT") is an Illinois corporation with its principal place of business in McHenry, Illinois. (*Id.* ¶ 4.)  Defendant TransCorr LLC, d/b/a Venture Logistics a/k/a TransCorr Logistics ("TransCorr") is an Indiana Limited Liability Company with its principal place of business in Indiana. (*Id.* ¶ 6.)

Duvick and MIT filed a Third-Party Complaint for contribution against Kathy Flynn, Executive Leasing, LLC, and West Best Mutual Insurance Company. (Third Party Complaint (Dkt. No. 24).)  Third-Party Defendants' motion contains supporting affidavits stating that they are residents of Minnesota and only have connections to Minnesota and Wisconsin. (Dkt. No. 37.)

On October 23, 2019, Plaintiffs and Duvick were traveling on Interstate 94 in Wisconsin. (*Id.* ¶¶ 10, 15.)  Plaintiffs were traveling in their motor vehicle. (*Id.* ¶ 11.)  Duvick was driving an 18-wheeler semi-tractor truck owned by MIT and was operating as a permissive user under

2

TransCorr and MIT's registration. (*Id.* ¶¶ 12 –16.)  Duvick's truck and Plaintiffs' vehicle proceeded to crash into one another. (*Id.* ¶¶ 19, 20.)

## LEGAL STANDARD

For "the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a); *See In re Hudson*, 710 F.3d 716, 718 (7th Cir. 2013).  Section 1404(a) "is intended to place discretion in the district court to adjudicate motions to transfer according to . . . case-by-case consideration[s] of convenience and fairness." *Research Automation, Inc. v. Scrader-Bridgeport Intern., Inc.*, 626 F.3d 973, 977 (7th Cir. 2010) (quoting *Stewart Organization, Inc. v. Richo Corp.*, 487 U.S. 22, 29 (1988)).

## ANALYSIS

Plaintiffs are Virginians who filed a lawsuit in the Northern District of Illinois to remedy a fatal truck collision that happened in Kinnickinnic, Wisconsin.  The only relationship to Illinois is that a defendant, MIT, is an Illinois corporation with its principal place of business in McHenry, Illinois. (Compl. ¶ 4.)  The other parties reside in other states like Kentucky, Indiana, Minnesota, and Wisconsin.  Defendants move to transfer to the Western District of Wisconsin, the location of the collision. (Motion to Transfer at 4.)

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C.A. § 1404; *see Research Automation, Inc.*, 626 F.3d at 977.  To succeed on a motion to transfer under § 1404(a), the defendant, as the moving party, bears the burden of showing that: (1) venue is proper in the district where the action was originally filed, (2) venue would be proper in the transferee court,

and (3) the transfer will serve the convenience of the parties and witnesses as well as the interests

of justice. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986); *Hollman*, 2017

WL 5890926, at *2.  Transferring a case is within the "sound discretion" of a trial court. *Serac*

*Inc. v. United Packaging Grp., LLC*, No. 17 C 7872, 2018 WL 1469016, at *3 (N.D. Ill. Mar. 26,

2018) (quoting *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000)).

### A.    Venue is proper in the Western District of Wisconsin

The parties do not dispute that venue is proper in both our district and the Western

District of Wisconsin. (Plaintiffs' Brief (Dkt. No. 48) at 3 ("The parties concede that . . . the

Western District of Wisconsin[ ]" is a "proper venue[ ] for this matter.").)  Indeed, venue is

proper in the Western District of Wisconsin because it is the location of the incident giving rise

to the lawsuit and because the lawsuit involves individuals from differing states.  28 U.S.C. §

1391(b)(2).

### B.    Convenience Factors

As the party seeking transfer, Defendants have the burden to show that the transferee

forum is clearly more convenient than the transferor forum. *Heller Fin., Inc. v. Midwhey Powder*

*Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989).  In deciding whether transfer would promote

convenience, courts consider such factors as: (1) the plaintiff's choice of forum; (2) the situs of

material events; (3) the relative ease of access to sources of proof; (4) the convenience of the

parties; and (5) the convenience of witnesses. *See id.*; *see also Hollman*, 2017 WL 5890926, at

*2.

#### 1.  Plaintiff's Choice of Forum

"The plaintiff's choice of forum is usually given substantial weight, particularly if it is

also the plaintiff's home forum." *Jaramillo v. DineEquity, Inc.*, 664 F. Supp. 2d 908, 914 (N.D.

Ill. 2009).  "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of
forum should rarely be disturbed." *In re Nat'l Presto Indus., Inc*., 347 F.3d 662, 664 (7th Cir.
2003).  Since Plaintiffs filed in the Northern District of Illinois, this factor weighs in Plaintiffs'
favor.  But we note that it is not the plaintiffs' home forum. *Jaramillo*, 664 F. Supp. 2d at 914.

### 2.  Situs of the Material Events

The situs of the material events favors transfer to the Western District of Tennessee
because the collision at issue took place in Wisconsin.  Although Plaintiffs argue that material
information about the lawsuit exists in Illinois at MIT's offices like "communications,
agreements, documents, historical data, employment data" (Plaintiffs' Reply at 5), "the location
of a party's documents and records is usually not a very persuasive reason to transfer a case."
*Hollman*, 2017 WL 5890926, at *2; *Republic Techs. v. BBK Tobacco & Foods, LLC*, 240 F.
Supp. 3d 848, 853 (N.D. Ill. Oct. 26, 2016) (observing this factor "has become less important in
recent years 'because documentary and digital evidence is readily transferable and transporting it
generally does not pose a high burden upon either party'") (quoting *Cabellero v. Taylor*, No. 12
C 8645, 2013 WL 2898254, at *3 (N.D. Ill. June 13, 2013)); *Simonoff v. Kaplan*, No. 09 C 5017,
2010 WL 1195855, at *2 (N.D. Ill. Mar. 17, 2010) ("[D]ocuments and records are easily
transportable ... and their location generally is not a persuasive reason for transfer.").
Accordingly, this factor weighs favorably to transfer to the Western District of Wisconsin.

### 3.  Convenience of Parties and Witnesses

In considering the convenience of the parties, we weigh "the parties' respective
residences and their ability to bear the expenses of litigating in a particular forum." *Genocide
Victims of Krajina v. L–3 Services, Inc*., 804 F. Supp. 2d 814, 826 (N.D. Ill. 2011).  As the
moving party, Defendants have the burden of showing that the "original forum is inconvenient

for the defendant and that the alternative forum does not significantly inconvenience the plaintiff." *Cont'l Cas. Co. v. Staffing Concepts, Inc.*, No. 06 C 5473, 2009 WL 3055374, at *5 (N.D. Ill. Sept. 18, 2009).  The movants have met their burden.  We see no reason why the Western District of Milwaukee would be more inconvenient to Plaintiffs, who are Virginia residents.  Although Plaintiffs argue that it would be easier for the parties to fly into Chicago, it would be reasonably convenient to fly to the Western District of Wisconsin too via Dane County Regional Airport six miles away.  Therefore, the convenience of the parties is a neutral factor.

The convenience of the witnesses is one of the most important factors. *See Hanley v. Omarc, Inc.*, 6 F. Supp. 2d. 770, 775 (N.D. Ill. 1998).  This factor clearly favors transfer to the Western District of Wisconsin, where the accident occurred, because the witnesses will likewise be located there.  These witnesses will likely include first responders to the crash scene, others who were in Wisconsin and witnessed the crash, medical personnel, and crash investigators.  Certainly, it would be more convenient for these witnesses to testify in Wisconsin than it would be for them to take time off work to travel to Illinois to testify.

C.    **Interests of Justice Factors**

We last consider whether transferring to the Western District of Wisconsin is in the interest of justice.  The "interest of justice" analysis relates to "the efficient functioning of the courts, not to the merits of the underlying dispute," and "may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result." *Coffey*, 796 F.2d at 220.  "For this element, courts look to factors including docket congestion and likely speed to trial in the transferor and potential transferee forums; each court's relative familiarity with the relevant law; the respective desirability of resolving controversies in each locale; and the relationship of each community to the controversy." *Research Automation, Inc.*,

626 F.3d at 977 (internal citations omitted).

### 1.   Docket Congestion and Likely Speed to Trial

We first consider comparative docket congestion and likely speed to trial in the transferor and potential transferee forums. "Two statistics bear the most relevance in this analysis: (1) the median number of months from filing to disposition; and (2) the median number of months from filing to trial." *Hollman*, 2017 WL 5890926, at *2 (internal citation omitted).  The Western District of Wisconsin's median number of months from filing to disposition is 7.4 months compared to the Northern District of Illinois' 10.6 months.  Federal Court Management Statistics (September 30, 2020), https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distcomparison0930.2020.pdf at 7 (last accessed Apr. 7, 2021).[1]  Accordingly, this factor favors transfer.

### 2.   Familiarity with Applicable Law

Defendants argue that choice of law issues dictate that Wisconsin law will determine the outcome, and therefore we should transfer the case since a district court in Wisconsin will be more familiar with the applicable law.  We find this factor to weigh in Plaintiffs' favor because transferee courts often apply the law of the transferor forum. *Coffey*, 796 F.2d at 221-22.

### 3.   Relationship of the Communities

Judges in both districts are equally competent to preside over the questions at issue and both communities have a significant connection to the controversy.  Since this lawsuit involves Virginian Plaintiffs who were injured in a Wisconsin collision that involved entities from various states, Wisconsin has the strongest interest in the outcome of the case because it relates to the

---

[1] The median time from filing to trial is unavailable for Western District of Wisconsin civil cases.

safety of its roads. *See First Nat'l Bank v. El Camino Res., Ltd.*, 447 F. Supp. 2d 902, 914 (N.D. Ill. 2006) ("Resolving litigated controversies in their locale is a desirable goal of the federal courts.") (internal citation omitted).  True, no litigant in this case resides in Wisconsin.  But Wisconsin has a major interest in protecting those who travel on its roads.  This factor thus weighs in favor of transfer.

## CONCLUSION

Since both the convenience and interests of justice factors weigh towards a transfer, we grant Defendants' motion.  (Dkt. No. 41.)  The Clerk's Office is directed to transfer this case forthwith to the Western Division of Wisconsin.  (Dkt. No. 41.)  Additionally, Third-Party Defendants' separate pending motion to dismiss for lack of personal jurisdiction in the Northern District of Illinois is denied as moot. (Motion to Dismiss (Dkt. No. 37).)  It is so ordered.


Dated: April 8, 2021
Chicago, Illinois

Honorable Marvin E. Aspen
United States District Judge

8