IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HALKUT MAHMOOD FARAJ, as Parent and Special
Administrator of the Estate of E.M., a deceased minor, and
LANA AKRAM MOHAMMED, Individually and as Parent
for minors S.M., A.M., and A.M.,

                            Plaintiffs,

    v.

TRANSCORR, LLC d/b/a VENTURE LOGISTICS a/k/a
TRANSCORR LOGISTICS,

                            Defendant,

and

MIT ILLINOIS, INC. and MICHAEL ALLEN DUVICK,

                            Defendants and
                            Third-Party Plaintiffs,

    v.

KATHY JEAN FLYNN and EXECUTIVE
LEASING, LLC,

                            Third-Party Defendants.

OPINION AND ORDER

21-cv-245-slc

---

      This civil diversity case concerns a fatal highway collision on October 23, 2019 involving a semi-truck driven by Michael Duvick, a passenger van driven by plaintiff Lana Akram Mohammed, and an SUV driven by third-party defendant Kathy Jean Flynn. The Faraj and Mohammed plaintiffs are suing TransCorr, LLC, MIT Illinois, and Duvic, alleging that Duvick's negligence in operating the 18-wheeler and TransCorr's and MIT Illinois' negligence in hiring, training, supervising and retaining Duvick were proximate causes of the crash. MIT Illinois and Duvick have filed a third-party complaint against Flynn and Executive Leasing, LLC. Flynn has filed counterclaims and crossclaims for her own personal injuries. Meanwhile, Duvick has been charged criminally in the Circuit Court for St. Croix County, Wisconsin. His case remains pending and is set for jury trial on June 13-16, 2022.

Before the court is defendant TransCorr, LLC's early motion for summary judgment, dkt. 91, which plaintiffs and Flynn oppose. Because the undisputed facts show that TransCorr, LLC is not a proper party to this lawsuit, I am granting the motion. Further, I am denying plaintiffs' and Flynn's request to stay a ruling pending discovery because plaintiffs have offered no reason to believe that discovery will yield facts showing that TransCorr, LLC had any involvement in, or potential liability for damages, arising out of the October 23, 2019 accident.

BACKGROUND

On May 3, 2021, defendants Duvick and MIT Illinois filed an unopposed motion to stay all proceedings and discovery until Duvick's criminal case was resolved, or at least to stay discovery related to the allegations in the criminal complaint. Dkt. 58. At a telephonic status conference with the parties, the court set jury selection and trial for October 31, 2022 and a dispositive motion deadline of May 31, 2022, but did not schedule any other dates in light of the parallel criminal case. Dkt. 65. The court directed the parties to keep the court informed and to request additional court action as necessary. Meanwhile, it opened discovery "without limitation, trusting the parties to focus their front-end requests efficiently." *Id*.

On January 26, 2022, defendant TransCorr, LLC moved for summary judgment, denying any knowledge or involvement with respect to the October 2019 accident, the truck Duvick was driving or the goods he was hauling. Dkt. 91. Plaintiffs and Flynn (who I will refer to collectively as "plaintiffs" for purposes of this motion) responded by asking the court to hold the motion in abeyance until Duvick's criminal case ends by jury verdict or plea, or in the alternative, until they have had time to depose TransCorr's representatives. Dkts. 96, 99. Because this court did not rule on that motion before their summary judgment response was due, plaintiffs and Flynn then filed a timely response to the summary judgment motion, asking this court to either deny the motion or hold it in abeyance until after they have "had the opportunity

to depose Duvick and conduct necessary follow up discovery." Br. in Opp., dkt. 108, at 4. TransCorr opposes any delay on the ground that plaintiffs' discovery requests are futile.

OPINION

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In deciding a motion for summary judgment, the court views the facts in the light most favorable to the non-moving parties. *Crull v. Sunderman*, 384 F.3d 453, 460 (7th Cir. 2004). Rule 56 permits a district court to delay consideration of a summary judgment motion and order additional discovery before ruling if the non-movant demonstrates that "it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d).

In support of its summary judgment motion, TransCorr, LLC has submitted an affidavit from Jeffrey Davis, its Chief Administrative Officer, who affirmatively alleges that TransCorr, LLC, had no involvement whatsoever with Duvick, MIT, or any goods transported by Duvick on October 23, 2019. Davis Dec., dkt. 95. Among other things, Davis avers that "TransCorr has never had any contracts or agreements with MIT Illinois, Inc. ("MIT") or Michael Allen Duvick ("Duvick") relating to the transportation of goods or otherwise, including agreements or contracts for hauling, sub-hauling, brokering shipments of goods, load lending or borrowing drivers." Id. at ¶7.

3

In opposition, and in support of their request that the motion be stayed while they take discovery, plaintiffs point to: (1) a Bill of Lading for the load that Duvick was hauling, on which "TransCorr Logistics" is identified as the carrier; (2) a "Broker/Carrier Agreement" between MIT and TransCorr National Logistics, LLC; and (3) an email dated October 16, 2019 to an account manager at TransCorr National Logistics relating to the load in question.  Haag Affs., dkts. 104-6 and 111, exhs. 1-2.

Putting aside plaintiffs' failure to lay a proper evidentiary foundation for the documents, these documents do not raise any genuine dispute or suggest that further discovery is needed concerning Davis's assertion that *TransCorr, LLC* never had any contracts or agreements with MIT or Duvick.  As TransCorr points out, the documents submitted by plaintiffs relate to another entity or entities, namely "TransCorr National Logistics, LLC" or "TransCorr Logistics." None of the documents indicates that it was sent to, from or pertains to TransCorr, LLC. Further, Davis has affirmatively alleged that TransCorr, LLC has never conducted business as "TransCorr Logistics" or "TransCorr National Logistics."  Davis Dec., dkt. 95, ¶¶ 30, 36.  He would say the same thing if he was deposed.

Plaintiffs nonetheless assert that TransCorr, LLC is a proper party because "TransCorr, LLC, and TransCorr National Logistics, and TransCorr Logistics, all are doing business as the same entity, variously referred to as Venture or Venture Connect LLC or Venture Logistics, Services, LLC."  Response to PPFOF 43.  Plaintiffs support this assertion with an affidavit from plaintiffs' counsel, who submits screenshots of websites and publically-available documents showing a connection between TransCorr National Logistics and Venture Logistics Services, LLC. Haag Aff., dkt. 104, exhs. A-E. However, none of these public documents identify TransCorr, LLC by name, much less indicate that TransCorr, LLC has ever conducted business as TransCorr National Logistics or as TransCorr Logistics.  Plaintiffs position appears to be based on a faulty syllogism: (A) TransCorr, LLC admitted in its answer that it does business as

"Venture Logistics"; (B) TransCorr National Logistics does business as "Venture Logistics Services, LLC"; therefore, (C) all "TransCorr" entities and all "Venture Logistics" entities are effectively the same and are interchangeable.

This logic is flawed, both generally and specifically. As a general matter, while one might assume that businesses with similar names are the same or are connected, such an assumption is supported by nothing but its own circularity. Here, it is nothing more than an assumption for plaintiffs to contend that TransCorr, LLC had anything to do with the Bill of Lading or the load Duvick was hauling. Plaintiffs tacitly acknowledge this by insisting that they are entitled to take discovery to attempt to support their assumption.

That's where their argument fails on the specifics: TransCorr has supplemented its summary judgment submissions with an affidavit from Adam Boone, project manager for Venture Connect, LLC, which was formerly named TransCorr National Logistics, LLC. Boone Aff., dkt. 122. In his affidavit, Boone acknowledges that *TransCorr National Logistics* scheduled the pick-up and delivery of a load that MIT agreed to haul on October 23, 2019, which matches the load identified on the Bill of Lading. *Id.* at ¶¶10-16. According to Boone, TransCorr National Logistics is "affiliated with TransCorr, LLC d/b/a/ Venture Logistics, but is organized as a separate Indiana limited liability company" and operates under its own broker's license. Id. at ¶7.

It is pellucid from the Davis and Boone affidavits that to the extent the entity identified on the Bill of Lading as the "carrier" is liable for damages flowing from the October 23, 2019 accident, that entity is Venture Connect, LLC f/k/a TransCorr National Logistics, LLC. It is not TransCorr, LLC.

Plaintiffs have not established that deposing either Duvick or TransCorr, LLC's representatives– who have denied any knowledge or involvement with respect to the load Duvick was hauling–could lead to evidence that would either place that fact into dispute or show

another reason why TransCorr, LLC, a separately-organized limited liability company, should remain a party in this case. *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 628 (7th Cir. 2014) (non-movant that believes additional discovery is required must state reasons it cannot adequately respond to summary judgment and identify material facts it needs to discover). Accordingly, plaintiffs' and Flynn's request that I hold the summary judgment motion in abeyance while they take additional discovery is denied, and TransCorr's motion for summary judgment is granted.

## ORDER

1.  TransCorr, LLC's Motion for Summary Judgment, dkt. 91, is GRANTED; and

2.  The motions by plaintiffs and Kathy Jean Flynn for an extension of time to respond to the summary judgment motion, dkts. 96, 99, are DENIED.

Entered this 4th day of March, 2022.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge